BENJAMIN F. PARKER & others vs. COUNTY OF NORFOLK.

Norfolk.   November 15, 1889. — January 2, 1890.

Present: DEVENS, W. ALLEN, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Location of Way — Taking of Possession — Relocation — Damages.*

The placing of stone bounds, according to the order of the county commissioners, by their engineer, on the line of a way as located, where nothing is done towards the construction of the way for the next two years, cannot be said, as matter of law, necessarily to be such a taking possession of the land covered by the location, within the meaning of the St. of 1869, c. 303, § 1, as will prevent the owner from recovering damages upon a subsequent relocation of the way over the same land.

PETITION to the Superior Court for a jury to assess damages caused by the relocation of Walnut Street in Wellesley.

At the trial in the Superior Court, before *Barker*, J., the jury returned a verdict in favor of the petitioners ; and the respondent alleged exceptions, the substance of which appears in the opinion.

*C. E. Washburn*, for the respondent.

*C. Robinson*, for the petitioners.

C. ALLEN, J.   A petition dated in February, 1876, was presented to the county commissioners of the county of Norfolk for the relocation of Walnut Street as a county road, and the town of Wellesley, under an order or decree made by them on March 22, 1887, constructed the road as relocated.   The respondent contended, at the trial, that the land claimed by the petitioners had already been taken, by virtue of an earlier location by the county commissioners made on July 17, 1876.   It was admitted at the trial that the lines of the location of 1876 included the greater portion of the land now claimed by the petitioners which is included in the relocation of 1887.   Walnut Street was in existence prior to 1876, and in that year an order was passed to widen it, defining the new boundaries.   The respondent's bill of exceptions states that " it was admitted at the trial that stone bounds were placed on the southerly line of the location of 1876 by one Fuller, the engineer of the county

commissioners, in accordance with the said order of the county commissioners made in 1876, about the time of the passage of the order; but it appeared that nothing was ever done towards the construction of any part of said street within two years, nor until after the decree of March, 1887." The order in relation to stone bounds was the general order called for by the Gen. Sts. c. 43, § 88, (Pub. Sts. c. 49, § 98,) that "permanent stone bounds . . . be erected at the termini and angles of all roads laid out by them, when practicable; and when not so, a heap of stones, a living tree, . . . may be a substitute," etc. And in the description of the southerly line of the street as newly defined, each distinct line or specification called for a stone bound at its termination. The respondent contended that the placing of the stone bounds by Fuller, as above set forth, was to be deemed a taking of possession under the St. of 1869, c. 303, § 1, of all the lands included in the order of the county commissioners of 1876, so that a right to damages then accrued to the owner of such lands; and that therefore the present petition could not be maintained to recover damages for any lands included in that order. The court instructed the jury upon this question as follows: "That might or might not be a taking possession of the land for the purposes of constructing the way. It would depend upon [the determination of the question] under whose order it was done, and with what purpose it was done, and it is for you to say what the fact is with reference to that from the evidence which you have." There were further explanations, not necessary to be repeated here. Upon this bill of exceptions, we have only to consider whether we must say, as matter of law, upon the above facts, that possession was taken of the land in 1876 for the purpose of constructing the way; and clearly this must be answered in the negative. The order of the county commissioners might be intended simply to mark the line of the newly defined boundary of the highway, as a preliminary to entering and taking possession for the purpose of constructing the way; and the placing of the stone bounds by Fuller in accordance with said order might mean simply that he placed them on the line designated by the order. Certainly we cannot say, as matter of law, that the placing of the stone bounds was necessarily to be deemed a taking of pos-

session of the land, within the meaning of the St. of 1869, c. 303, § 1.

The judge at the trial assumed, that the order of the county commissioners in 1876 amounted to a laying out or alteration of the way, within that statute.          *Exceptions overruled.*