INHABITANTS OF WRENTHAM *vs.* D. C. COREY & others.

Norfolk.   March 31, 1893. — May 17, 1893.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Town — Way — Award of Land Damages by Road Commissioners — Revision by Jury.*

A town, which has laid out a town way by the action of its road commissioners and the acceptance of their report, is not entitled to have their award of damages for land taken revised by a jury.

PETITION to the Superior Court for a jury to revise the assessment of damages made by the road commissioners of the petitioner for land taken by them in laying out certain town ways in Wrentham. The respondents demurred to the petition. The case was submitted to the Superior Court upon the demurrer and an agreed statement of facts. *Hopkins*, J. sustained the demurrer, and dismissed the petition; and the petitioner appealed to this court, and also alleged exceptions. The facts material to the point decided appear in the opinion.

*H. E. Fales & S. H. Tyng*, for the petitioner.
*T. E. Grover*, for the respondents.

KNOWLTON, J. The respondents by their demurrer raised the question whether a town which has laid out a town way by the action of its road commissioners and the acceptance of their report can have a jury to revise their estimates of damages on the ground that the sums awarded are too large.

It has long been held that neither a county nor a town can maintain a petition for a jury to revise the estimates of damages made by the county commissioners for land taken in laying out a highway. *Baker* v. *Thayer*, 3 Met. 312, 314. *Marshall Fishing Co.* v *Hadley Falls Co.* 5 Cush. 602. The county commissioners are a board that so far represents the county out of whose treasury the damages are primarily to be paid that the county is bound by their adjudication. The same reason applies to the action of selectmen or road commissioners in laying out a town way, which cannot be legally laid out without a confirmatory vote of the town upon their report.

Under former statutes there was a right in towns, as well as individuals, to have a revision by a jury of the action of county commissioners in determining the location of a way laid out, and under statutes then existing it was held that towns might ask for a jury on the ground that damages awarded by the county commissioners in laying out a town way were too large. Rev. Sts. c. 24, § 13. Gen. Sts. c. 43, § 19. *Lanesborough* v. *County Commissioners*, 22 Pick. 278. *West Newbury* v. *Chase*, 5 Gray, 421. *Westport* v. *County Commissioners*, 9 Allen, 204. But it has never been held that a town, after laying out a town way, by the action of its own officers, whether selectmen or road commissioners, and by its own confirmatory vote, can complain of the assessment of damages; moreover, by later legislation, the functions of juries and the rights of towns to appeal in cases of this kind have been much limited. St. 1870, c. 75, § 2.

The language of the statute under which this petition is brought differs somewhat from that used in the statutes under which the decisions in regard to the damages awarded by county commissioners were made, and it implies that the landowner is the only party entitled to apply for a jury. Rev. Sts. c. 24, § 76. Gen. Sts. c. 43, § 73. Pub. Sts. c. 49, § 79. The words are: " A person aggrieved by the assessment of his damages occasioned either by the laying out, . . . or of the sum awarded

him as indemnity therefor, may," etc.　The words at ·the end of the same section also seem to recognize two parties, one the town and the other the applicant or person recognizing, and to imply that the town is not to be an applicant.

We are of opinion that the town cannot maintain this petition, and that the demurrer was rightly sustained.　As this decision disposes of the case, the question whether the way was legally laid out does not properly arise, and without intimating that the proceedings at the town meeting, although irregular, were invalid, we do not deem it necessary to express an opinion in regard to them.

*Demurrer sustained, and exceptions overruled.*