BOSTON & ALBANY RAILROAD COMPANY *vs.* INHABITANTS
OF CHARLTON.

Worcester.    October 6, 1893. — March 5, 1894.

Present: FIELD, C. J., HOLMES, KNOWLTON, LATHROP, & BARKER, JJ.

*Grade Crossing — Land Damages — Counsel Fees — Expenses of Selectmen.*

An auditor appointed under the provisions of St. 1890, c. 428, § 7, found that certain sums of money paid by a town for counsel fees, and for extra services of the selectmen in defending and settling claims for damages for land taken by the town for the purpose of abolishing a crossing at grade of a public way therein and a railroad, were just and reasonable. *Held*, that these items were improperly disallowed by the Superior Court.

FIELD, C. J.    The directors of the Boston and Albany Railroad Company presented a petition to the Superior Court, under the first section of St. 1890, c. 428, for the abolition of three grade crossings in the town of Charlton, and, as appears from the report of the presiding justice, commissioners were duly appointed who reported "in favor of the abolition of said crossings, and the way and manner of changing and separating the grades at said crossings, and their report was duly accepted by the court.    In carrying out the provisions of said report it was necessary to take the land of various persons whose names appear in the auditor's report in this case."    This land was taken for the alteration of the grade of public ways, and by the fifth section of the statute it was primarily to be paid for by the town, and in case the parties interested could not agree upon the damages either party had the right to have the damages determined by a jury in the Superior Court in the same manner as damages are determined for the taking of land for the laying out of public ways.    The report of the case to this court also states as follows: "The town of Charlton employed counsel to settle land damage claims in cases where the parties refused to accept the amount assessed by the selectmen, and to defend petitions brought against said town to recover damages for the taking of land.    All claims, including such suits, were settled for sums satisfactory to the railroad and the Commonwealth. The charges of counsel for services in settling claims, appearing in, and preparing the defence in said suits, amounted to $150,

which sum was found by the auditor to be reasonable in amount and [was] allowed by him in his report." There also appears in the auditor's report an allowance of the sum of $39, being cash paid by the town to its three selectmen "for extra services . . . for defending and settling suits for land damages," which the auditor found to be "just and proper." The presiding justice disallowed both these items, on the ground "that the statute does not provide for including such items as counsel fees and services of selectmen in the cost of the alterations."

The third section, among other things, provides as follows: "The railroad companies shall pay sixty-five per centum of the total actual cost of the alterations, including in such cost the cost of the hearing and the compensation of the commissioners and auditors for their services, and all damages, including those mentioned in section five of this act; and the said commission shall apportion the remaining thirty-five per centum of said cost between the Commonwealth and the city or town," etc.

The seventh section provides as follows: "The court shall appoint an auditor, . . . to whom shall from time to time be submitted all accounts of expense, whether incurred by the railroads, city, town, commission, or auditor, who shall audit the same and make report thereon to the court; which auditing, when accepted by the court, shall be final," etc.

The argument is that the enumeration in the third section of the items to be included in the cost to be paid must be taken to exclude other expenses, such as those incurred in defending suits for land damages. It is suggested that by the Public Statutes the prevailing party will recover his costs of suit, and that these are presumed to be all the costs of suit which the law intends should be paid in the absence of special provision for counsel fees and expenses. But we have been shown no provision of statute which declares how, in such a case as this is, it can be determined which is the prevailing party. Either party may apply to the Superior Court for a jury, if they cannot agree upon the damages. There is no previous award such as is made a condition of awarding costs in Pub. Sts. c. 49, § 105. See *Gifford* v. *Dartmouth*, 129 Mass. 135; St. 1881, c. 122.

It is apparent, we think, that the Legislature in St. 1890, c. 428, has not specially provided for counsel fees and other charges

incurred in prosecuting or defending land damage suits, and the question in dispute must be determined by analogy, and by considering the main purpose of the provisions concerning the expenses to be borne by the railroad company, the Commonwealth, and the cities or towns. The land to be taken must either be taken for the alteration of the railroad or of the public ways; if taken for the railroad, the railroad primarily pays the damages for the taking; if taken for a public way, the town or city pays the damages. If the landowner and the railroad company, or the city or town, as the case may be, cannot agree upon the damages, then either party may apply for a jury, etc. There necessarily must be suits for land damages unless the parties agree, and some expenditures for counsel, witnesses, plans, and other things must be necessary if the suits are to be efficiently prosecuted. The effect, of course, of disallowing the items mentioned would be to make it for the interest of a city or town hereafter not to contest the claims of landowners for damages unless they appear to be in excess of what a jury would probably give by at least ten times what it would cost the city or town to try a suit for damages, because not more than ten per cent of the whole expense of making the change of grade can be charged upon the town. St. 1890, c. 428, § 3. It would be bad policy to give such a construction to the statute unless it is absolutely required. The general purpose of the sections of the statute we have cited is, that the whole cost or expense of the entire work, including the cost of the commission and of the auditor, should be paid by the railroad company, the Commonwealth, and the city or town. Legal expenses may be unavoidable, and if reasonably incurred we think that they must be held to have been incurred for the benefit of all in the proportions in which the general cost or expenses are to be borne, and that they should be allowed.

We do not know what the extra services of the selectmen were, for which the town has paid. We must assume from the finding of the auditor that this was a proper payment, and we think that the sum paid should be allowed. See *New Haven & Northampton Co.* v. *Hayden*, 117 Mass. 433; *Lindsey* v. *Parker*, 142 Mass. 582.    *Decree accordingly.*

*R. B. Dodge, Jr.*, for the respondent.

*F. P. Goulding*, for the petitioner.