DANIEL H. COREY & others *vs.* INHABITANTS OF WRENTHAM.

Norfolk.     March 8, 1895. — June 19, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Establishing and Accepting Town Ways — Action — Damages — Entry and Possession under Statute.*

Even if the action of those present at a town meeting upon the question of establishing certain streets as town ways is to be deemed the acceptance and allowance of those streets as such ways, no action lies to recover damages awarded by the road commissioners in laying out the ways, if there have been no entry and possession for the purpose of construction under Pub. Sts. c. 49, § 69; and the fact that the town, after establishing as town ways those streets already constructed and in public use, permitted the public to continue to use them for a year and a half without doing anything to indicate that the streets were not public ways, does not constitute an entry and possession for the purpose of construction within the meaning of the statute.

CONTRACT, to recover damages awarded by road commissioners in laying out town ways. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, upon agreed facts, which appear in the opinion.

The case was argued at the bar in March, 1895, and afterwards was submitted on the briefs to all the judges.

*T. E. Grover,* for the plaintiffs.

*S. H. Tyng,* for the defendant.

BARKER, J. The action is for damages awarded by road commissioners in laying out town ways. The award is the same which the town unsuccessfully sought to have revised by a jury in *Wrentham* v. *Corey,* 159 Mass. 93, in which case the court declined to say whether the ways were legally laid out. The town now contends that they were not legally established, and that, if

they were, this action must fail for the reason that no entry and possession have been taken for the purpose of constructing the ways.

It is agreed that the plaintiffs, owners of a tract of land in Wrentham, about the year 1886, laid out and constructed at their own expense three streets, which are the same laid out as town ways by the road commissioners on March 8, 1892, and reported to the town for acceptance in a report which included an award of the sum now sued for as compensation to the plaintiffs for land taken and damages sustained because of the taking of their land; that when the streets were first constructed they were opened to the public by the plaintiffs, and some houses were built upon them, and that the streets have been used by the public from that time to this without restriction. The report of the road commissioners was acted upon in town meeting on March 21, 1892, and since that time neither the town nor its officers have entered upon or taken possession of the streets for the purpose of constructing or altering them, or of making repairs; but the streets have been used by the public as before, and there is nothing to indicate that they are not public ways. No question is made as to the authority of the road commissioners, or the validity of their proceedings, nor as to the power of the town to establish the streets as town ways at the meeting of March 21, 1892; but it is contended that the votes passed at that meeting were not in law an acceptance and allowance of the report of the road commissioners, within the meaning of the provisions of Pub. Sts. c. 49, § 71. The record of the meeting shows that, the report of the road commissioners having been read to the meeting, a motion was made and discussed that the report be accepted; that the meeting voted that the question be divided, and that thereupon "the town voted to accept the lay-out of the commissioners"; that "then the question on allowance for land damages came up. Mr. Sherman moves that the award of the commissioners, $740, be granted, which was voted in the negative."

At the same meeting, under an article in the warrant, " To see how much money the town will appropriate for highways and bridges the ensuing year, and determine how the same shall be expended," the town first voted to appropriate the sum of three thousand dollars, and later the article was again taken up and

"an additional sum of six hundred dollars ($600) was granted, to be expended on Broad, Cottage, and Spring Streets," the streets dealt with in the report on which the town had voted. On November 16, 1892, the town filed its petition for a jury to revise the assessment of damages made by the road commissioners. The rescript sustaining the demurrer of the present plaintiffs to that petition, for the reason that a town is not entitled to have an award of damages by road commissioners revised by a jury, was sent down on May 17, 1893, and at a town meeting held on October 31, 1893, the town voted to discontinue the streets as town ways. This action was commenced on July 17, 1893.

The streets were legally established as town ways, if they were "accepted and allowed" as town ways at the meeting. In the agreed statement, all questions as to the competency of the agreed facts as evidence are saved, but neither party has contended that any fact stated is not competent. We will, however, first consider only the record of the action of the meeting of March 21, 1892, under the article which warned it to hear and act upon the report of the road commissioners. The first motion was that the report be accepted, and the first vote was that the question be divided, and next "the town voted to accept the lay-out of the commissioners," and it next negatived a motion "that the award of the commissioners, $740, be granted." What was the "lay-out of the commissioners" which the meeting accepted? The defendant contends, upon the authority of *Russell* v. *New Bedford*, 5 Gray, 31, and *Cambridge* v. *County Commissioners*, 117 Mass. 79, that "the assessment of damages in these cases is . . . part of the laying out." If so, when the "lay-out of the commissioners" was accepted, the assessment of damages, which was part of it, was accepted by the same vote. The remaining action under the article, by which a motion "that the award of the commissioners, $740, be granted," was negatived, is not inconsistent with the acceptance of that portion of the report which assessed damages. The natural meaning of the motion was the present appropriation of seven hundred and forty dollars to the payment of the damages awarded; and even upon the theory that the meeting knew that the award, if accepted, could be revised only upon the application of the landowners, it was not necessary then to appropriate the money; the award

might be revised upon such an application, and the town might, for that or other reasons, deem it unwise then to grant the money.

The defendant contends that the votes, taken together, were a rejection of the award; and so that the whole action under the article was not a confirmatory vote of the town upon the report. But the failure to pass in the affirmative a motion that an award of money " be granted " is not a rejection of the award, but a mere omission then to appropriate money for its payment.    We all think that, upon a fair construction of the whole action of the meeting upon the article which brought before it the question of establishing the streets as town ways, they were accepted and allowed as such ways.    This conclusion would be strengthened by considering the other votes of the town at the same meeting; for under another article the town " granted " the sum of six hundred dollars to be expended on these same streets, and the appropriation was illegal if they had not been established as town ways.    In the same direction were the acts of the town in bringing its petition to revise the award, and in discontinuing the streets after the failure of that petition.

The remaining question is whether the fact that neither the town nor its officers have entered upon or taken possession of the ways for the purpose of constructing or altering them, or of making repairs, although the ways have been used by the public since March 21, 1892, prevents the plaintiffs from recovering. This depends upon the meaning of the provisions of Pub. Sts. c. 49, § 69, providing that " damages so awarded shall not be paid until the land is entered upon and possession taken for the purpose of constructing such way, . . . and if possession is not taken . . . the party, instead of the damages awarded to him, shall be entitled to indemnity, to be assessed by the selectmen or road commissioners in the same manner that indemnity is awarded by county commissioners in like cases."

The plaintiffs contend that this statute does not apply to the case here presented; and that, if it applies, the fact that the town, after establishing as town ways these streets already constructed and in public use, permitted the public to continue to use them until October 31, 1893, without doing anything to indicate that the streets were not public ways, constitutes an entry and possession within the meaning of the statute.

After the establishment of the streets as town ways, and in the absence of any action by the town forbidding the 'public to use them as such ways, we have no doubt that the use by the public was a use of the streets as town ways under the public easement so taken and acquired, notwithstanding the fact that there was no entry and possession for the purpose of construction or repair. Nor do we doubt that, if this use of the streets as town ways damages the plaintiffs, they are entitled to recover a reasonable compensation therefor. But the real question is whether this action for damages awarded on the basis of a permanent taking is their proper remedy.

Upon this question the history of the legislation is instructive. Up to the year 1842, when a public way was once established and the damages ascertained in the prescribed modes, both the right of the public to a permanent easement and the right of the landowner to his damages became vested, and the landowner could recover the damages awarded to him, although his land was never entered upon nor used by the public, and although the way had been discontinued so that the public could never use it. See *Harrington* v. *County Commissioners*, 22 Pick. 263, 267 ; *Hallock* v. *Franklin*, 2 Met. 558. In consequence of these decisions it was enacted that no person claiming damage by the laying out or altering of a highway should have a right to demand the same until the land had been entered upon and possession taken for the purpose of constructing the highway or alteration, and that if he was put to trouble or expense by the proceedings the county commissioners should allow him full indemnity therefor. St. 1842, c. 86, § 1. *Harding* v. *Medway*, 10 Met. 465, 470. In the case last cited this statute was held to apply to all public travelled ways, whether town ways or county ways, when laid out by county commissioners; and in *Bishop* v. *Medway*, 12 Met. 125, it was held not to apply to town and private ways, when the laying out and the assessment of damages were not made by county commissioners but by selectmen. This decision was in the year 1846, and by St. 1847, c. 259, § 4, the provisions of St. 1842, c. 46, were extended, and applied to town ways and private ways thereafter to be laid out by selectmen ; and it was provided that, when a person claiming damages had been put to any expense for injuries sustained

by the proceedings, the selectmen should allow him full indemnity therefor, and that he might have a jury to revise their estimate. The substance of these provisions was incorporated into Gen. Sts. c. 43, §§ 14, 15, 63; and it seems that they were extended to cities by force of Gen. Sts. c. 43, § 81. See *Pickford* v. *Lynn*, 98 Mass. 491, 498. In the year 1862 further protection was given to owners of land in such cases by an enactment that the laying out or alteration of the way should be void as against them unless within a reasonable time, not exceeding two years, possession should be taken for the purpose of constructing the way, or the damages awarded them should be paid or tendered. St. 1862, c. 203. The application of this act to ways located before its passage was limited by St. 1863, c. 108. The St. 1869, c. 303, repealed these acts, and provided that any laying out or alteration should be void as against the owner of land taken, unless possession should be taken for the purpose of constructing the way within two years from the time when the right to take possession for that purpose first accrued by law, and that an entry for the purpose of constructing any part of the way should be deemed a taking possession of all the lands included in the laying out. The provisions of Gen. Sts. c. 43, §§ 14, 15, 63, and 81, upon this subject, and of St. 1869, c. 303, were continued in Pub. Sts. c. 49, §§ 14, 15, 69, 91, and 88, respectively, and are now in force. The system is that, when a public way is established, the claim of the landowner to a reasonable compensation is recognized, and his damages as for a permanent taking are awarded by the tribunal which lays out the way, with a right on his part to have the estimate revised by a jury. This compensation does not, however, become payable until there is an actual entry and possession, for the purpose of construction, upon some land included in the laying out. But if such entry and possession are delayed more than two years, he may have the laying out declared void; and if possession is not taken, he is entitled to an indemnity the amount of which he may have revised by a jury. This system allows the landowner a reasonable compensation in every supposable case, even if his damages as first assessed never become recoverable because no land is entered upon for the purpose of constructing the way, even if the way is finally discontinued without such entry and possession,

and after a period of use by the public. To protect the rights of the landowner, it is not necessary to give other than their literal natural construction to the words of the statutes in which this system is found, and in the opinion of a majority of the court it was intended by the Legislature to embrace cases like the present. The phraseology of the statutes has been quite uniform. The words used in St. 1842, c. 86, § 1, are "until the land over which the highway or alteration is located shall have been entered upon and possession taken for the purpose of constructing said highway or alteration." This language is significant, because in *Harrington* v. *County Commissioners,* in view of which decision the statute was enacted, nothing like the phrase "possession taken for the purpose of constructing" was used, the land not having been entered upon at all, either for constructing the way or in using it as a public highway. The Legislature might well say that entry and possession for the specific purpose of construction should be the prerequisite to the right of the landowner to recover damages assessed upon the theory of a permanent taking, and that without such an entry and possession, if his damages were not tendered to him, he should be entitled only to indemnity for such injury and expense as he might actually sustain by the proceedings. Every Legislature since that of 1842 which has dealt with the subject has used substantially the same formula, and a majority of the justices think that the Pub. Sts. c. 49, § 69, are meant to cover all cases of town and private ways, including those already in public use when laid out, and that the damages are not to be paid, except at the option of the municipality, until entry is made and possession is taken for the purpose therein stated. The case of *Parker* v. *Norfolk,* 150 Mass. 489, 491, where, an agent of the county having set bounds at the angles of a county way, it was held that the placing of the bounds could not be said, as matter of law, to be a taking possession of the land within the meaning of St. 1869, c. 303, § 1, supports the view now expressed. Such bounds could not have been set without an entry upon the land taken, and the taking was in the widening of an existing way, already in use by the public.

All the justices are of opinion that the ways were legally established, and a majority think that the right of the plaintiffs

to recover the damages awarded has never accrued, because there have been no entry and possession taken for the purpose of constructing the ways.

*Judgment for the defendant affirmed.*