### SELECTMEN OF NORWOOD & another, petitioners.

Norfolk.    January 15, 1903. — March 10, 1903.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Grade Crossing.    Damages.    Equity Pleading and Practice,* Master's report.

Expenses for surveys and plans incurred by a town in a controversy before commissioners appointed under the grade crossing act, St. 1890, c. 428, § 3, as to whether the plan desired by the town should be adopted, are not part of the "cost of the hearing" which can be apportioned under the act, but are expenses of one of the parties to the controversy which must be borne by that party, although the plans were. prepared in accordance with suggestions of the commissioners and the surveys were made at the commissioners' special request.   So also of expenses for entry fees, witness fees and printing briefs.

Where a report of commissioners under the grade crossing act, St. 1890, c. 428, does not provide for the gutters of the new way being paved, the petitioning town has no right to impose a part of the expense of a local improvement, which it alone ought to bear, upon the railroad and the Commonwealth, by putting in a gutter better than required by the local standard of street construction or by any standard which existed there at the time of the change in the crossing.

Assumption, that the report of an auditor appointed in proceedings under the grade crossing act, St. 1890, c. 428, § 7, is to be treated as a master's report, approved.

TWO PETITIONS, filed respectively September 22 and November 24, 1890, under St. 1890, c. 428, by the selectmen of the town of Norwood and by the directors of the New York and New England Railroad Company, for the appointment of a commission to consider the abolition of the grade crossings at Washington, Guild and Chapel Streets and at Railroad Avenue in Norwood, consolidated and heard together as one petition.

In the Superior Court *Mason*, C. J. made a decree from which the town of Norwood appealed as stated in the opinion.

*J. J. Feely*, for the town of Norwood.

*C. F. Choate, Jr.*, for the railroad company.

LORING, J. This case comes up on an appeal taken by the selectmen of Norwood from a decree of the Superior Court, confirming with certain modifications the seventh report of the auditor.

The only matters dealt with in that report of the auditor are items presented for allowance as part of the joint expense to be paid by the town, the railroad and the Commonwealth under St. 1890, c. 428, § 3.

The principles on which the question of including or not including such items is to be decided have been settled in the cases of *Boston & Albany Railroad* v. *Charlton*, 161 Mass. 32, and *Providence & Worcester Railroad, petitioner*, 172 Mass. 117. It is settled by those cases that the expenses incurred by any of the parties in a controversy before the commissioners as to what their report shall be are not to be allowed, but the expenses of carrying out the scheme adopted by the report of the commissioners are to be allowed. The rule is one easy of application and was rightly applied by the Superior Court.

The railroad took six exceptions to the allowance by the auditor of as many items, these exceptions were sustained by the decree of the Superior Court, the items were disallowed and the appeal from that decree brings up the correctness of the disallowance by the judge of these items which were allowed by the auditor.

The items covered by the first, fifth and sixth exceptions may be considered together. The first exception relates to the first, the fifth to the eighth, and the sixth to the seventeenth items in the auditor's report. The first item is "for work done and services rendered at various times for the purpose of enabling the original petitioners to present to the commissioners a plan for the abolition of the crossings at grade and for attendance at the various hearings held by the commissioners." The eighth item is for surveying and preparing plans "for use at the hearings before the commissioners, and in accordance with certain suggestions made by the commissioners, as to the manner in which the

crossings should be abolished"; and the seventeenth is for the sum paid by the town to Mr. Endicott, the engineer employed by it for making surveys and plans at the special request of the commissioners, "who desired that certain changes should be made in the plans presented by the town and the railroad; that the commissioners had certain ideas of their own which they wished to put into proper form, and a plan made to conform to their views — accordingly Mr. Endicott was requested to make such surveys and plans, and the plans so made formed a part of the commissioners' report, and was annexed thereto."

These were rightly taken by the Superior Court to have been expenses incurred by the town in a controversy as to whether the plan it wished to have adopted should be adopted. The town evidently took advantage of suggestions made by the commissioners as to what might commend itself to them, and incurred these expenses in working out its plan to their satisfaction. Such an expense is not an expense of the hearing but an expense of one of the parties to the controversy which, in ordinary actions between party and party must be borne by the one who incurs it unless it can be recovered as a taxable cost. In proceedings under St. 1890; c. 428, such expenses must always be borne by the party incurring them, for in these proceedings no provision is made for the recovery of any costs by the successful party to a controversy which takes place in the course of them. The only cost of the hearing which is to be included under § 7 in the expenses to be paid by the town, the railroad and the commissioners under § 3, is the expenses incurred by the commissioners as a court, and they are allowed as part of the expense under § 3, "to protect the public treasury from the expense of holding the court and of investigating the questions presented," and for no other reason. *Providence & Worcester Railroad, petitioner*, 172 Mass. 117, 122.

Taking up the other exceptions originally taken by the railroad in their order, the item covered by the second exception is "for work done in June and September, 1891, digging sounding holes for the engineer employed by the town, to prepare plans in accordance to certain requests made by the commissioners." This must be taken to have been an expense incurred by the town to forward its contention by taking advantage of and carry-

ing out a suggestion of the commissioners. The item covered by the third exception is for $9.10 for "services of Fred. Endicott, C. E., at hearing before commissioners." That covered by the fourth exception is for $5 "as forming a part of the expenses incident to hearings before the commissioners." These expenses are the expenses of the town as a party to a controversy before the commissioners and cannot be included in the costs of the hearing.

The town took six exceptions to the disallowance by the auditor of as many items. The first covers item 2 and is for the entry fee of the petitions brought by the town for the abolition of the grade crossings in question; the second covers items 9 and 10 and is for witness fees before the master who was appointed at one stage of the case; the third is to item 12 for making plans; the fourth is for item 13, cash paid by the town counsel "for various proceedings in court after report of commissioners was filed"; the fifth is to item 15, fees paid expert witnesses "at court hearings, after report of commissioners was filed"; and the sixth is to item 16, the expense of printing the briefs of the counsel for the town at the argument of *Norwood* v. *New York & New England Railroad*, 161 Mass. 259. It is plain from what has been said that there is no question as to these exceptions except possibly as to the fourth and fifth. It is not shown that the expenses covered by those items, although subsequent to the decree of the commissioners, were incurred in carrying into effect the changes prescribed by their report, and for that reason the town failed to make out a case which entitled it to have them included as part of the cost of the alterations directed to be made.

The only other question raised by the appeal is to the allowance by the court of half in place of all of the expense incurred by the town in paving the gutters. We think the rule acted upon by the court was as favorable a one as the town was entitled to. That rule was this: Where the report does not provide for the gutters of the new way being paved, the town is not at liberty to put in a gutter which was better than required by the local standard of street construction or any standard which had existed there at the time of the change in the crossing. To do so would be to allow the town to secure a local improvement which ought

to be borne by itself alone at the part expense of itself, the railroad and the Commonwealth, and in the proportion of one tenth to the town and nine tenths to the railroad and the Commonwealth. See *Mayor & Aldermen of Newton, petitioner,* 172 Mass. 5. Whether the judge was right in the finding of fact. made by him in applying this rule is not before us as the evidence on which he acted has not been made a part of the appeal.

The correctness of allowing the expenses incurred by the town in enabling the commissioners to take a view has been argued by counsel on both sides. No exception was taken to this item by the railroad. By the confirmation of the report except so far as modified by sustaining the six exceptions taken by the railroad and allowing $1,235.75 on account of paving the gutters, this sum of $7.50 was allowed. The fact that this sum of $7.50 had been allowed by this part of the decree was overlooked in the subsequent part of the decree and the decree should be modified accordingly.

The parties have treated the report of the auditor appointed under St. 1890, c. 428, § 7, as the report of a master and to be dealt with as such as matter of procedure. Although the correctness of that assumption is not before us for decision, we think it proper to give our sanction to it for the sake of having the practice settled. Proceedings under St. 1890, c. 428, are by § 1 declared to be proceedings in equity and, as was recently held in this court in *Falmouth* v. *Falmouth Water Co.* 180 Mass.. 325, the fact that the officer is called an auditor is not decisive. If he performs the work of a master, his report must be treated as the report of a master.

> *The decree of the Superior Court modified by adding $7.50 to the sum to be borne by the town, the railroad and the Commonwealth ; so modified, the decree is affirmed.*