OLD COLONY RAILROAD COMPANY, petitioner.

Suffolk.     December 17, 1903. — February 26, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & BRALEY, JJ.

*Damages.     Grade Crossing Acts.*

Under St. 1892, c. 433, a special act providing for the abolition of certain grade crossings, which was made subject to the provisions of St. 1890, c. 428, §§ 1–8, so far as they did not conflict with its provisions, the Old Colony Railroad Company, which was compelled to hire money to meet the obligations imposed by the special act, is not entitled to have the interest paid by it for such money allowed as part of the "expenses" of the alterations and improvements to be paid by the railroad company of which the Commonwealth is to repay forty-five per cent of the "cost incurred."

PETITION of the directors of the Old Colony Railroad Company, under St. 1892, c. 433, for the alteration of the grade crossing of Tremont Street in Boston with the railroad operated by that company.

St. 1892, c. 433, related to the abolition of certain grade crossings of the Boston and Providence Railroad.

Section 1 provided that the commissioners who had been appointed to consider the abolition of the Tremont Street crossing should prescribe the manner in which the tracks of the railroad should be raised in order to abolish all the grade crossings of the railroad in the city of Boston.

Section 2 was as follows: "The alterations and improvements prescribed by said commission shall be made by the Old Colony Railroad Company, and the expenses thereof paid by it, and for that purpose it may issue its stock from time to time to such an amount as may be necessary, not to exceed in all the sum of two million dollars; such stock to be sold at public auction."

Section 3 provided that the Commonwealth should "repay to said railroad company forty-five per cent of the cost incurred by said company in carrying out said alterations and improvements, as audited and approved by the auditors" provided for in St. 1890, c. 428.

Section 4 provided for repayment by the city of Boston to the Commonwealth, of thirty per cent of the amount repaid to the railroad company by the Commonwealth in twenty equal annual payments, with interest at the rate of three per cent.

Section 5 was as follows: "Sections one to eight, inclusive, of chapter four hundred and twenty-eight of the acts of the year eighteen hundred and ninety, and all acts additional to or in amendment thereof, shall, so far as they do not conflict with the foregoing provisions, be applicable to all proceedings under this act."

The case came on to be heard in the Superior Court before *Fessenden*, J., upon a motion of the railroad company to recommit a supplemental report of the auditor to whom the case had been referred.

The motion was as follows: "And now comes the Old Colony Railroad Company, and respectfully represents that as a part of the expenses of making the alterations and improvements required to be made in this case by chapter 433 of the acts of 1892, and chapter 466 of the acts of 1894, it has paid as interest on the several items of expenditures required to be made and made by it under said statutes from the respective dates of the payment of said expenditures to the dates when forty-five per cent of such expenditures were repaid to it under decrees of court providing for such repayment, and as a part of the expenses of making such alterations and improvements, the sum of $47,282.31, being interest at four per cent paid by it from the proceeds of its stock issued and sold by it from time to time

as provided by said acts, for the purpose of paying such expenses. A detailed statement of said expenditures, with the respective dates and amounts and computations of interest thereon from the time the same were made to the time of repayment, is as follows: [Detailed statement.] Wherefore it asks that said sum of $47,282.31 may be audited and reported to the court as expenses paid by it in making the alterations and improvements required by said statutes to be made by it."

The judge ruled, as a matter of law, that the claim for interest could not be allowed as a part of the expenses paid by the railroad company. He overruled the motion to recommit and ordered that the report of the auditor be accepted, and, by agreement of parties, reported the case for determination by this court.

*J. H. Benton, Jr.*, for the railroad company.

*R. G. Dodge*, Assistant Attorney General, (*F. T. Field* with him,) for the Commonwealth.

*A. J. Bailey*, for the city of Boston.

BRALEY, J.   Under St. 1892, c. 433, the Old Colony Railroad Company has made the alterations and improvements called for by the act, and rendered necessary, by the abolition of certain grade crossings of the tracks of the Boston and Providence Railroad Company, according to the plan prescribed by commissioners duly appointed for that purpose under the provisions of St. 1890, c. 428.   The expenses of this work were to be paid in the first instance by the railroad company, and for that purpose, it was authorized to issue and sell its stock from time to time, in order to raise the money, but not to exceed an amount named.   A certain percentage of these expenses was to be repaid to the company by the Commonwealth, which in turn was to be reimbursed in part by the city of Boston.   At reasonable periods of time as the work proceeded, the company presented to the auditor for examination and allowance a statement of its disbursements, and expenses connected therewith, and made a claim in each statement for interest at the rate of four per cent actually paid for money hired by it, to carry out and complete the alterations and improvements directed by the commissioners.   In his twenty-first report the auditor states this claim as follows: "Item 5.   Interest paid on money ex-

pended in payments for lands taken, damages caused, and construction, all as required to be paid under said acts, the same being interest at four per cent on the several items of expenditures from their respective date of payment, to the dates when the same were repaid under decrees of court providing for repayment thereof." No question is raised that interest has not been paid on the sums named, and at the rate specified. Neither is it claimed, that the postponement of the presentation of the final detailed statement in its entirety, of this demand, has caused any additional burden to the Commonwealth, if it properly can be allowed, as interest is charged as an expenditure only from the date of payment, to the date when a claim could be made for repayment, to the extent of the reclamation permitted against the State.

The St. of 1892, c. 433, was a special act, and it was enacted subject to the provisions of St. 1890, c. 428, §§ 1–8 inclusive, in so far as these sections do not conflict with its terms. It does not appear that the Legislature intended to lay down any different rule under one, from that provided by the other, and the items of cost, for which the company is to be reimbursed, are the same in both acts, though the percentage of the whole outlay to be borne by it is reduced.

The commissioners decide what alterations are necessary for the safety and convenience of the public, and "shall prescribe the manner and limits within which such alterations shall be made and shall determine which party shall do the work," and "the railroad companies shall pay sixty-five per centum of the total actual cost of the alterations, including in such cost the cost of the hearing and the compensation of the commissioners and auditors for their services, and all damages" for the taking of land necessary to carry out the alterations that have been ordered. St. 1890, c. 428, §§ 3–7.

The cost incurred by the company, and for which it is to be finally repaid, are the necessary disbursements required to make the alterations ordered by the commissioners; and to meet this expense, it may pay from funds in its treasury, or issue and sell its stock, or it might go into the market, and hire what was necessary on its negotiable paper.

The special act evidently contemplated paying for the work

from time to time as it proceeded, and upon the report and allowance of the amount due by the auditor.

The ground upon which the petitioners put their claim is, that money paid by way of interest on money used to pay for the alterations is a part of the "actual cost." In a broad sense this is true of a railroad company which is obliged to hire money to meet the obligation imposed by the statute.

Interruption of the regular running of trains caused by extensive changes in its tracks, loss of traffic that is thereby caused, and any consequential and incidental damages arising from the interruption necessarily incident to the adjustment of a railroad system, in whole or in part, to the changes that may be required under these statutes, may not improperly be called an expense to the company so affected.

No illustration can make a distinction stronger than the case itself, for if such an item is to be included either under the term "expense," or that of "actual cost," then there is no logical limit to sweeping into such a classification everything that directly or collaterally calls for expenditure, or cost, or loss by a railroad company that is compelled under the statute to carry out the order of commissioners, when approved by the court, for the abolition of one or more of the grade crossings of its road. That such a construction would open the door to let in claims that would be not only large in amount, but uncertain and contingent in their character, is reasonably clear.

If the Legislature had intended to include such claims as a part of such cost and expenses caused by and arising from the alterations ordered under St. 1890, c. 428, now R. L. c. 111, §§ 149–160, the act would have contained language making this intention clear.

The only attempt to enumerate the items of expense are those named in the statute, and the phrase "actual cost" means the cost of what is described; though where damages are incurred in taking land to carry out the report of the commissioners, counsel fees and extra work done by selectmen, paid by a town in defending or settling a claim for such damages for land taken for the purpose of abolishing grade crossings, have been held to be included. *Boston & Albany Railroad* v. *Charlton*, 161 Mass. 32.

With this exception, unless "actual cost" and "expense" are to be taken as equivalent in meaning to the expression, full compensation for any and all expenses in whatever form they may be sustained, which is a construction that in view of the language used and the general purpose of the act for the abolition of grade crossings cannot be adopted, it must be held that these words have the limited definition given to them by the statute, and cannot be extended to include the claim of the petitioners. *Mayor & Aldermen of Newton, petitioners,* 172 Mass. 5, 10. *Providence & Worcester Railroad, petitioner,* 172 Mass. 117, 121. *Selectmen of Norwood, petitioners,* 183 Mass. 147. *Selectmen of Westborough, petitioners,* 184 Mass. 107, 111.

*Decree affirmed.*