CHARLES E. MAIN *vs.* COUNTY OF PLYMOUTH.

Plymouth.   October 22, 1915. — March 1, 1916.

Present: RUGG, C. J., LORING, CROSBY, PIERCE, & CARROLL, JJ.

*Way*, Public: laying out. *Damages*, Indemnity for loss and expense due to abandoned taking. *Practice, Civil*, Costs.

Under the provision of the highway act, contained in R. L. c. 48, § 13, that "if no entry is made upon the land [for the purpose of laying out a highway] or if the location has for any other cause become void, a person who has suffered loss or been put to expense by the proceedings shall be indemnified therefor by the commissioners," one, who opposed before the county commissioners the granting of a petition to lay out a highway across his land, and, after the petition was granted by the county commissioners, filed and successfully maintained a petition for a writ of certiorari to quash the order for the laying out, is not entitled to be indemnified for counsel fees and other expenses and for loss of time incurred in relation to these matters.

RUGG, C. J.   This is a petition under R. L. c. 48, § 27,* to recover indemnity for loss suffered and expense incurred by the plain-

---

* In the Superior Court the case was tried before *Brown*, J., who reported it for determination by this court of what, if any, sum should be allowed to the petitioner as indemnity under R. L. c. 48, § 13.

tiff in connection with proceedings touching the laying out of a
way. In November, 1909, a petition was filed with the county
commissioners of Plymouth County, relative to a way across the
plaintiff's land. The plaintiff from the first opposed the granting
of the petition, whereby he incurred expenses for witnesses, sur-
veyors and attorneys, as well as loss of his own time. After hearing
and deliberation, the county commissioners made a decree in April,
1911, laying out the way. The plaintiff thereupon filed a petition
for a writ of certiorari to quash this decree, in which he was suc-
cessful. *Main* v. *County Commissioners*, 212 Mass. 182. In the
prosecution of that petition he incurred expenses for counsel fees
and otherwise. The disbursements and loss of time in connection
with each of these matters form the subject of this petition.

The governing statute is R. L. c. 48, § 13.* Its meaning as
applied to the facts of the case at bar may be made clearer by an
examination of its history. St. 1842, c. 86, § 1, is the first statute
bearing on the subject. It there was enacted, after providing for
the estimation of damages sustained by any person in his property
by the laying out of a way, that such damages should not be paid nor
should the injured landowner have a right to demand them until
the land was entered upon for the purpose of constructing the
way. Then followed these words: "Provided, nevertheless, that
when any person so claiming damages shall have been put to any
trouble and expenses by said proceedings, the county commissioners
shall allow him full indemnity therefor, although his land may not
be entered upon or taken possession of in pursuance of said proceed-
ings." As the law stood before the passage of that statute, a land-
owner was entitled to recover and collect his full damages due to the
layout of a way although his land might never have been entered on
and the way had been discontinued before the trial of his petition
for damages. *Harrington* v. *County Commissioners*, 22 Pick. 263.

* That statute is as follows: "The commissioners shall estimate the dam-
ages, if any, sustained by persons in their property by the laying out, reloca-
tion, alteration or discontinuance of a highway, and shall, in their return, state
the share of each separately; but such damages shall not be payable until the
land over which the highway or alteration is located has been entered upon and
possession taken for the purpose of constructing it. But if no entry is made
upon the land or if the location has for any other cause become void, a person
who has suffered loss or been put to expense by the proceedings shall be in-
demnified therefor by the commissioners."

That the statute resulted from that decision has been recognized in *Harding* v. *Medway*, 10 Met. 465, *Drury* v. *Boston*, 101 Mass. 439, *Corey* v. *Wrentham*, 164 Mass. 18, and *Munroe* v. *Woburn*, 220 Mass. 116. Interpreting the statute in the light of that decision, it is plain that its primary design was to avoid the unjust result of enabling a landowner to recover full damages although his land never in fact had been taken from him, nor his possession disturbed. A concurrent purpose doubtless was to afford indemnity to a landowner who claimed damages by reason of the layout of the way, for trouble and expenses to which he had been put by the proceedings incident to that layout. The plain effect of that statute was to allow such indemnity only to a person "so claiming damages," that is, to one, an easement in whose land was seized but not actually entered upon in consequence of the layout. It gave no right to anybody who was not in a position to claim damages by reason of a valid taking of an easement in his land. The conclusion cannot be escaped that no trouble or expense antecedent to the layout was included in the indemnity provided by that statute. The indemnity further was confined to the trouble and expenses growing out of "said proceedings," which means the proceedings whereby the layout was made but never constructed. It did not refer to any other proceedings. Manifestly, in this state of the law, no landowner could claim indemnity for trouble or expense caused by demonstrating through action in court or otherwise that a pretended layout was illegal. Nor did the statute provide indemnity for loss occasioned to the landowner by opposition to the petition or other proceedings which preceded the layout. The landowner was prevented from collecting his damages caused by the layout until there should be an entry for constructing the way. It was only for the trouble and expense incident to this circumstance that the statute afforded relief.

The landowner was in a difficult position. Under the law as it then was, if he was dissatisfied with the award of damages made by the county commissioners, he was obliged to make his application for a trial by jury within six months from the time of the layout, quite regardless of the fact whether there had been an entry upon the land for purposes of construction or not. Rev. Sts. c. 24, § 14. Therefore he well might be caused the expense of a jury trial to determine damages which never would become pay-

able.    It was to reimburse the landowner for such and similar necessary expenses that the statute of 1842 made provision.

The subsequent history of the statute does not show that in this respect it has been broadened so as to include the kind of loss and expense here sought to be recovered.    There is no material change in Gen. Sts. c. 43, § 14, and Pub. Sts. c. 49, § 14.    The phrase in these two laws is the same, namely: "But when a person so claiming damages has been put to trouble and expense by the proceedings, the commissioners shall allow him full indemnity therefor, instead of the damages awarded, although no entry is made upon his land."    The only changes in the last revision now found in the section of the Revised Laws already quoted, are (1) the substitution of the word "loss" for "trouble," as to which see *Whitney* v. *Lynn*, 122 Mass. 338, 343, a matter of no consequence in the case at bar; (2) an inclusion among those entitled to indemnity of persons affected by a void as well as by a lapsed layout; and (3) the omission of the words "so claiming damages" as qualifying the "person" who has suffered loss or been put to expense by the proceedings. The extension of the indemnity clause to those suffering loss and incurring expense in instances where the laying out of the way is found to have been invalid cannot fairly be construed to enlarge the kind of indemnity to include items of loss and expense never before allowed.    The same indemnity is extended to a new class of cases.    But it is not expanded so as to include losses and expenses arising out of collateral matters never before included in the indemnity provision.

There is nothing in the report of the commissioners for the drafting of the Revised Laws, which indicates a purpose to make radical changes in the law in this respect, or to go beyond the somewhat narrow extension manifested by the plain words in their natural sense.    The modifications in the phrase of the act when it was enacted in its present form in the Revised Laws, do not disclose a legislative purpose to modify in this respect the pre-existing law. It is a familiar principle of statutory construction that mere verbal changes in the revision of a statute do not alter its meaning and are construed as a continuation of the previous law.    *Great Barrington* v. *Gibbons*, 199 Mass. 527, 529.    *Paszkowski* v. *Stony Brook Paper Co.* 210 Mass. 86, 89.    *Shawmut Commercial Paper Co.* v. *Brigham*, 211 Mass. 72, 74.

The case is somewhat analogous to the expenses which a party to a petition for the abolition of a grade crossing is entitled to charge to the cost of the scheme. Those which necessarily forward the project may be so charged, *Boston & Albany Railroad* v. *Charlton,* 161 Mass. 32, while those which relate to the exploitation of the views of parties as to methods, may not be so charged. *Providence & Worcester Railroad, petitioner,* 172 Mass. 117.

Under the instant statute, the landowner may be indemnified for the losses and expenses which are inherent in the protection of his property rights in connection with a layout and ensuing from that as a natural result. But those arising out of adversary proceedings undertaken by the landowner in opposition to the general scheme, either in fact or law, are not subject for indemnity. They stand on the same footing as ordinary actions at law or other antagonistic procedure involving the validity or discretionary conduct of public officers and boards. See *Sears* v. *Nahant,* 215 Mass. 234, for a general discussion by Mr. Justice Hammond of kindred instances of indemnification for costs and expenses.

It follows, therefore, that the loss and expense which the plaintiff may recover in this proceeding do not embrace his loss and expenses in opposing the initial petition at the hearings before the county commissioners, nor in bringing the petition for certiorari by which the decree of the county commissioners was declared invalid.

*Petition dismissed.*

*E. V. Grabill & G. Edmunds,* for the petitioner, submitted a brief.

*H. W. Brown,* for the respondent.