## COMMONWEALTH *vs.* JOHN D. NOXON & another.

Berkshire.    Sept. 12.—28, 1876.    COLT, MORTON & ENDICOTT, JJ.,
                                     absent.

The provisions of the Gen. Sts. *c.* 43, § 13, requiring county commissioners in the laying out or altering of highways to "allow the owner of land a reasonable time to take off his timber, wood or trees," apply also to buildings and parts of buildings.

The owner of a building, which is expressly allowed by the county commissioners to remain within the limits of a highway as relocated "during its natural life," who has received no notice to remove it, and while no entry, for the purpose of taking possession, has been made upon the land, on which the building stands, is not indictable for maintaining a nuisance in the highway.

Where a highway is known by two different names, it is not a variance to describe it, in an indictment for a nuisance, by only one of them.

INDICTMENT for a nuisance, in Main Street, in Great Barrington.    In the Superior Court, before *Rockwell,* J., the facts were agreed to be substantially as follows :

The alleged nuisance was the dwelling-house of the defendants, which stood, at the time of the finding of the indictment, where it had always stood, since it was built about twenty-seven years before, and during all this time it had been uninterruptedly occupied by the defendants, or their tenants.    The highway in question was widened and relocated by the county commissioners of Berkshire, in 1852, and one of the east lines of the highway as relocated is described in the report of the commissioners, substantially as follows : "passing through the house of Rodney Hill and Peter Crosta, six feet from the front of the main part of the same, and it is ordered that said house be permitted to remain on its present site during its natural life only."    The above described house, being the alleged nuisance, was the house referred to in the report of the county commissioners, and if in the highway it was there by reason of the relocation, and had remained there by reason of the permission supposed to have been granted in the location as above quoted.    It was contended by the government that the county commissioners had no authority to grant permission for the house to remain in the highway, and that the defendants were indictable for maintaining the same, and the judge so ruled.

It was also agreed that only a portion of the highway in question was known as Main Street, a part thereof and the part on which the dwelling stood, being commonly known as Water Street; but the part whereon the dwelling stood was sometimes covered by the name of Main Street, in general speech. For this reason the defendants contended that there was a material variance between the allegations describing the highway in the indictment, and the facts in reference thereto as agreed; but the judge ruled otherwise, and instructed the jury to return a verdict of guilty against both of the defendants. The defendants alleged exceptions.

*H. C. Joyner*, for the defendants.

*C. R. Train*, Attorney General, for the Commonwealth.

AMES, J. As we understand this bill of exceptions, which purports to present substantially all the facts of the case, it was an error to direct the jury to return a verdict of guilty. The only nuisance to the highway, imputed to the defendants, consisted in their omission to remove their dwelling-house from its ancient position, to a spot outside of the limits of the way as widened and relocated. Whenever a highway is laid out or widened, it is the duty of the county commissioners to allow to the owner of land taken as a part of such highway a reasonable time in which to take off his timber, wood or trees. Gen. Sts. *c.* 43, § 13. All that is taken for the public use is the land; and there can be no doubt that the statute above quoted, although it names only "timber, wood or trees," must apply also to buildings and parts of buildings, materials of walls and fences, growing crops, and generally everything valuable to the owner, but inconvenient or unsuitable to be left within the limits of the way. Gen. Sts. *c.* 43, § 39. The consequence of the owner's neglect to remove such property, within the time allowed, is its forfeiture to the town.

It does not appear, from anything alleged in the bill of exceptions, that any such notice was ever given to the owner of the building. On the contrary, by the terms of the relocation he was expressly allowed to keep the house where it then stood, "during its natural life." If this proceeding of the commissioners was a lawful and valid allowance of a reasonable time for the removal of the building, there is no ground for charging the de-

fendants with having exceeded the prescribed limit. On the other hand, if the commissioners (as is contended) had no authority to prescribe so uncertain and indefinite a limitation, they have given no direction at all on the subject. In either view of the case, it is impossible to say that the defendants have forfeited for the benefit of the town the building itself or any part of it, or that any order as to its removal has been disobeyed.

The purpose of the statute, requiring that a reasonable time for the removal of property shall be allowed to the owner of land taken for highway purposes, is merely to give him an opportunity to remove and take care of such of his property as lies within the limits of the land taken. If he neglects to do so, he forfeits the property so abandoned, but he does not thereby become indictable as for a criminal act or omission of duty. In such case, the proper authorities proceed to construct the road, and, as incident to such construction, they would have the right to remove all obstructions. It would be for them, rather than for the owner, to clear the ground for the intended way.

As the law stood at the time of the relocation, no person claiming damage could "have a right to demand the same until the land, over which the highway or alteration is located, shall have been entered upon and possession taken for the purpose of constructing said highway or alteration." St. 1842, c. 86, § 1. This provision is substantially reënacted in the Gen. Sts. c. 43, § 14. It does not appear that any such entering upon, or taking possession of, any of the land upon which the house stands has ever occurred to this day. Under such circumstances, there was no such taking by the public of any portion of the building that the defendants, by mere passive neglect to remove it from its original foundation, can be considered as maintaining a nuisance to the highway.

As the way in question appears to have been known by two different names, it was not a variance to describe it in the indictment by only one of these names.           *Exceptions sustained.*