### HENRY CHILDS *vs.* COUNTY OF FRANKLIN.

Franklin. Sept. 17, 1879. — Jan. 10, 1880. AMES & ENDICOTT, JJ., absent.

Under the Gen. Sts. *c.* 43, § 22, an application for a jury to revise the judgment of the county commissioners in the assessment of damages, caused by the laying out of a way, must be made within one year from the adoption of the final order of location, unless there has been a suit instituted in which the legal effect of the proceedings is drawn in question; and an order by the county commissioners to their clerk, to draw his warrant on the treasurer of the county for the payment of damages to the persons named in it, whose land has been taken by the commissioners in laying out a way, is not an order of location.

PETITION to the county commissioners, filed November 30, 1877, for a jury to assess the damages sustained by the petitioner by the taking of his land by said commissioners in altering and relocating a highway in Deerfield. By consent of parties, the matter was referred to a committee under the Gen. Sts. *c.* 43, § 34, whose return to the Superior Court, under § 40, set forth that the highway was, after due notice, located by the county commissioners on September 27, 1876, and the location duly recorded, but no award of damages was made to any one; that, in December 1876, the highway was accepted by the county commissioners, and an order issued by them to the clerk to draw his warrant on the treasurer of the county for the payment of certain sums to various persons named, in full for all damages allowed them on account of the location of different highways in different towns. Among these names were those of two persons whose lands were taken for the highway in question, but the

name of the petitioner did not appear.   The return further stated that in the opinion of the committee the petition was not filed in season, and the petitioner was not entitled to any damages, but that if in the opinion of the court he was entitled to any damages, they assessed the damages in the sum of $120.

The Superior Court ordered judgment for the respondent; and the petitioner appealed to this court.

*C. C. Conant*, for the petitioner.

*E. V. Wilson*, (*S. O. Lamb* with him,) for the respondent.

COLT, J.   Application for a jury to revise the judgment of the county commissioners in the assessment of damages, caused by the laying out of a way, must be made within one year from the adoption of the order of location, unless there has been a suit instituted in which the legal effect of the proceedings is drawn in question.   Gen. Sts. *c.* 43, § 22.   When a highway is laid out, the commissioners are required in their return thereof to state the damages estimated by them, and the share of each person separately.   Gen. Sts. *c.* 43, §§ 13, 14.   But it is provided that they shall not order such damages to be paid until the land has been entered on for the purpose of constructing the way. It has been decided that the fact that no damages are allowed in the return of location is equivalent to a statement that, in the opinion of the commissioners, no damages have been sustained. It is treated as a judgment against the claim; and if a party is aggrieved thereby, he must petition for a jury within the time limited, or be deemed to acquiesce in the judgment.   *Monagle* v. *County Commissioners*, 8 Cush. 360.   *Hildreth* v. *Lowell*, 11 Gray, 345, 352.   The limit of one year, within which application to revise must be made, has reference to the time of making the final order laying out the road, which is required to be recorded as such.   *Wood* v. *Quincy*, 11 Cush. 487, 494.

In the case at bar, the final order laying out the way was adopted by the commissioners on September 27, 1876, and duly recorded.   An application for a jury might have then been made, notwithstanding the provision which forbids the issuing of an order for the payment of damages, and takes away from the landowner the right to demand the same, until the land is entered on.   It has been so decided by this court.   *Harding* v. *Medway*, 10 Met. 465.   *Russell* v. *New Bedford*, 5 Gray, 31.

The petition in this case was not filed until after the expiration of a year from the passing of the final order of location.

The petitioner relies on the order to the clerk, passed in December following, by which the latter was required to draw his warrant on the treasurer of the county for the payment of damages to the persons named in it. He contends that the date of this order fixes the time from which the period of limitation is to be reckoned. But this was not an order, or any part of an order, of location. It does not purport to be even an assessment of damages. It is simply an order for the payment of damages to the persons named, under § 14; an order which could not be legally passed, unless there had been a previous final order of location, accompanied by an assessment of damages, and an entry on the land for the purpose of construction. The list which accompanies the order contains the names of those who appear to be entitled to damages by the location of several different roads under several different petitions, including some who were damaged by the road here in question. The records show no assessment of damages whatever on account of the laying out of this road; and the order for the payment of damages to any one seems to have been unwarranted and irregular. But whether it were so or not, the result, as to the petitioner and his rights, is not affected thereby. See *Goddard* v. *Worcester*, 9 Gray, 88.                                      *Judgment affirmed.*