CHARLES H. COLBURN *vs.* MONROE H. KITTRIDGE.

Worcester.    October 7. — 21, 1881.    LORD & ALLEN, JJ., absent.

Under the Gen. Sts. c. 43, § 13, county commissioners, in laying out a highway, have no authority to allow a portion of a building to remain in the highway " while the present building stands ; " and, after notice to the owner, and failure by him to remove it, it can be removed by the surveyor of highways, under the Gen. Sts. c. 44, § 8.

TORT for breaking and entering the plaintiff's close in Leominster, and tearing away and removing a part of a dwelling-house standing thereon. The defendant justified as surveyor of highways in Leominster. Trial without a jury, in the Superior Court, before *Colburn*, J., who found for the plaintiff; and, at the defendant's request, reported the case for the determination of this court. If the defendant's act was not justifiable, judgment was to be entered on the finding ; otherwise, judgment for the defendant. The facts appear in the opinion.

*H. C. Hartwell*, for the defendant.

*G. F. Verry & F. A. Gaskill*, for the plaintiff.

ENDICOTT, J.   This way was laid out by the county commissioners in 1849, and was afterwards duly constructed.   In the order of the commissioners laying it out, after reciting that the corner of the plaintiff's house projects six feet and two inches into the highway as laid out, but not in such a manner as to interfere with the travelled part of the highway, it states that it " is not to be removed while the present building stands, but whenever the same from any cause shall have been removed, the ground whereon it stands is not again to be occupied as a site for any building, but forever after shall remain open and clear of all obstruction as part of the location of said road."

As this corner occupied a portion of the highway, the above provision did not prevent the owner from claiming damages for the land so taken for the expense of moving the house or cutting off the corner, if rendered expedient by reason of the location, or for the injury to the same occasioned by the location of the road.   The location of the road was an absolute location, and included the land occupied by that portion of the plaintiff's house.   We are to assume, therefore, that the owner recovered damages for the land taken within the location thus occupied by the house, and all other damages incident thereto.   *Brown* v. *Worcester*, 13 Gray, 31.   *Hyde* v. *Middlesex*, 2 Gray, 267.

In *Nichols* v. *Salem*, 14 Gray, 490, the way was widened in 1851.   No action was taken by the city of Salem until 1858, when the plaintiff was notified to remove the buildings thereon, as appears by the record.   He refused to remove them, and brought a bill in equity to enjoin the city from taking the land and removing the buildings.   It was held that, the way having been legally laid out, it became the duty of the city to cause all obstructions upon it to be removed, and to construct and prepare it for use within a reasonable time; and if delayed beyond a reasonable time the city would be liable to indictment, and no neglect of duty, however long continued, could exonerate it from this obligation.   *Commonwealth* v. *Boston*, 16 Pick. 442.

In *Commonwealth* v. *King*, 13 Met. 115, the defendant was indicted for constructing and maintaining a stone wall within the located limits of a highway, and, although the wall was not

within that part of the highway which could be safely used for travel, it was held that, as the public acquired an easement coextensive with the limits of the highway, whoever obstructs the full enjoyment of such an easement is guilty of a nuisance. *Commonwealth* v. *Boston & Lowell Railroad*, 12 Cush. 254.

The town of Leominster, therefore, was liable to indictment, if this building was not removed within a reasonable time, and constituted an obstruction to the full enjoyment of the easement of public travel. This plaintiff was also liable to indictment, unless protected by the provision above recited in the order laying out the way. In *Commonwealth* v. *Noxon*, 121 Mass. 42, this question was considered. The defendant there was indicted for maintaining a building within the limits of a highway, and it appeared that the order laying out the way contained a provision which permitted the building "to remain on its present site during its natural life only." The government contended that the county commissioners had no authority to grant permission for the house to remain in the highway. The court did not pass upon that question, but decided that, if the county commissioners had such authority, the defendant was not liable to indictment; if they had no authority to prescribe so uncertain and indefinite a limitation, they had given no order to the defendant to remove the building. Gen. Sts. c. 43, §§ 13, 39.

This brings us directly to the question whether, under these provisions of the statute, the commissioners have authority to allow a building to remain in the highway for an indefinite and uncertain period. In the case at bar, the building had already stood in the highway more than thirty years, and the presiding judge found that, if kept in proper repair, it would have stood fifty years longer.

The provisions of § 13 impose the duty upon the commissioners to "allow the owner of the land a reasonable time to take off his timber, wood or trees, which shall be expressed in their return." This was decided in *Commonwealth* v. *Noxon* to include buildings and parts of buildings. The commissioners have no authority to allow a building to remain permanently in the highway; and under this section they only have authority to allow a reasonable time for its removal. What is reasonable time must be determined in view of the subject matter with which they

are dealing. It depends upon the character of the building and the difficulty of its removal, and upon the use to which the land covered by it is henceforth to be devoted. Having adjudicated that the public necessity and convenience require a way to be constructed of a given width, they must, with reasonable despatch and without unnecessary delay, cause it to be opened and constructed for travel, in order that the public may enjoy the easement thus established coextensive with the limits of the highway as laid out. If they do not do this, the city or town by law obliged to keep it in repair is liable to indictment under the cases above cited. See Gen. Sts. c. 44, §§ 24, 25.

It is not to be presumed that the Legislature intended that the commissioners should allow the owner of land such length of time to remove his buildings, that the town bound to keep it in repair might be liable to indictment for failing to keep the highway safe and convenient for public use.

We are of opinion that allowing a portion of such a building as is described in this report to remain in the highway "while the present building stands," that is, for an uncertain and indefinite period, was not a proper and lawful exercise of the duty imposed upon them by the statute, and was beyond their authority. It could therefore properly be removed as an encroachment on the highway.

It appears from the report that, in October 1879, the plaintiff was notified by the county commissioners to remove the house from the highway, which he refused to do. We must assume, nothing to the contrary appearing in the report, that the notice was in due form, and the plaintiff was allowed a reasonable time for the removal. The defendant, as surveyor of highways in the town of Leominster, could therefore properly remove the same, which he did in July 1880. Such a duty is imposed upon him by the statute; Gen. Sts. c. 44, § 8; and his decision that such a building constitutes an obstruction in the highway is conclusive. *Morrison* v. *Howe*, 120 Mass. 565, and cases cited.

Soon after the decision of *Nichols* v. *Salem*, *ubi supra*, the St. of 1862, c. 203, was passed, which enacted that the laying out of any highway should be void, as against the owner of the land, unless possession shall be taken of the land for the purpose of constructing the highway, or the damages awarded shall have

been paid or tendered within two years from the laying out. This was amended by the St. of 1863, c. 108. Both these statutes were repealed by the St. of 1869, c. 303, and the provisions of the St. of 1862, with some modifications and changes, were reënacted. But these statutes have no application to ways laid out and actually constructed before 1862. The St. of 1863, c. 108, applies only to such ways previously laid out as had been ordered to be constructed, but which had not been actually constructed. As to such ways the provisions of the St. of 1862 are not to apply until sixty days after the expiration of the time within which they were ordered in the location to be constructed.

By the terms of the report, there must be

*Judgment for the defendant.*