HELENA J. QUINN *vs.* CITY OF CAMBRIDGE.

Middlesex.    January 18, 1905. — March 3, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, LORING, & BRALEY, JJ.

*Municipal Corporations.    Cambridge.    Tax,* Assessments for benefits.

Under the charter of the city of Cambridge, St. 1891, c. 364, as amended by St. 1896, c. 173, an order of the city council if approved by the mayor takes effect from the date of his approval.    Thus in case of an assessment for betterments from the widening of a street, which under Pub. Sts. c. 51, § 1, (R. L. c. 50, § 1,) must be made within two years from the passage of the original order, the period of two years is to be computed from the approval of the order by the mayor.

PETITION, filed July 21, 1903, for a writ of certiorari to quash an assessment upon certain real estate of the petitioner for alleged benefits from the laying out and widening of Belmont Street in Cambridge.

At the hearing before *Hammond,* J. the petitioner contended that the assessment was invalid because not made within two years of the order for the laying out and widening of the street. The justice ruled that the order was not complete until December 24, 1900, the date at which it was approved by the mayor, and, as the assessment was made within two years from that date, that it was valid.    He made a decree that the petition be dismissed with costs; and the petitioner appealed.

*F. J. Carney,* for the petitioner.

*G. A. A. Pevey,* for the respondent.

KNOWLTON, C. J.    This is a petition for a writ of certiorari to quash an assessment of betterments upon the estate of the petitioner, resulting from the widening of Belmont Street in Cambridge.    The only ground of objection to the assessment is that it was not made within two years from the passage of the

original order, as it should have been under the Pub. Sts. c. 51, § 1. The common council concurred with the board of aldermen in adopting the order on December 12, 1900, and the mayor approved it on December 24. The assessment was made on December 16, 1902, and the question is, whether the order widening the street took effect at the time of the vote of the common council in concurrence with the aldermen, or at the time of the approval by the mayor. The statute upon which the decision of the question depends, is the charter of the city of Cambridge, St. 1891, c. 364, as amended by the St. 1896, c. 173. Section 16 of the first mentioned act declares that " The city council shall have exclusive authority, subject to the veto power of the mayor, to lay out, alter, discontinue or fix the grade of any highway, street or town way," etc. This veto power is given in § 11 of the same chapter, which provides that, " Every ordinance, order, resolution or vote to which the concurrence of the board of aldermen and of the common council may be necessary . . . and every order of either branch involving expenditure of money, shall be presented to the mayor." If he approves, he is to signify his approval by signing ; and if not, he is to return it with his objections to the branch in which it originated. It may then be passed, notwithstanding his objections, by a two thirds vote taken by yeas and nays. If it is so passed, it is to be in force. If the mayor fails to return it within ten days after it is presented to him, it is to be in force.

Under these sections, an order of the city council cannot take effect until after the mayor has approved it, or returned it with objections, or has allowed ten days to pass without such action after it has been presented to him. Until then it is uncertain whether it will ever be in force. If he approves, it takes effect from the time of his approval; if he returns it with his objections, and it is subsequently passed by a two thirds vote of the city council, it takes effect from the time of such subsequent passage. If he allows ten days to pass without action after receiving it, the expiration of this time gives the order full validity. If he returns it with objections and it is not subsequently approved by a two thirds vote of the city council, it never takes effect.

This is in accordance with the plain meaning of the language of the statute, and with numerous decisions of other courts upon similar questions.  *Gardner* v. *The Collector*, 6 Wall. 499, 504. *Louisville* v. *Savings Bank*, 104 U. S. 469, 478.  *In re Welman*, 20 Vt. 653, 656.  *Tarlton* v. *Peggs*, 18 Ind. 24.  *People* v. *Clark*, 1 Cal. 406.  *State* v. *Mounts*, 36 W. Va. 179, 185, 186.

The term of two years did not begin to run until the order was approved by the mayor.

*Appeal dismissed.*