NATHAN B. EVERETT & others *vs.* CITY OF FALL RIVER.

Bristol.          October 25, 1905. — November 28, 1905.

Present: KNOWLTON, C. J., LATHROP, LORING, BRALEY, & SHELDON, JJ.

*Way,* Laying out of highway. *Fall River. Deed,* Construction.

Whether under a provision of the charter of the city of Fall River formerly in force, St. 1885, c. 269, § 19, the laying out of a street by the mayor and aldermen acting together, afterwards concurred in by a vote of the common council, was not good without a subsequent approval by the mayor, *quære.*

A description of a boundary in a deed as running in a certain direction by a certain street for a certain distance includes the land to the middle of the street if owned by the grantor.

Under R. L. c. 48, §§ 13, 27, 28, a petition for the assessment by a jury of damages
for the taking of land for the laying out of a highway, if filed before an entry
has been made upon the land for the purpose of constructing the way, must be
dismissed as prematurely brought.

SHELDON, J.  This is a petition to the Superior Court, filed
June 3, 1903, for the assessment by a jury of damages caused by
the laying out of Barnes Street in Fall River and the establish-
ment of the grade thereof.  The lay out was made after proper
order and notice, by a report dated October 27, 1902, which was
signed individually by the mayor and aldermen, was received,
read and accepted by the board of aldermen on that day, and
sent to the common council, in which, on the third day of
November, after all proper preliminaries had been complied
with, it was voted that this report of the mayor and aldermen
be accepted and allowed; and on the same day it was again
transmitted to the board of aldermen and there accepted and
allowed in concurrence.  It did not appear ever to have been
either approved or vetoed by the mayor or to have been pre-
sented to him.  At the close of the petitioners' evidence a
verdict was ordered for the respondent; and the case comes
before us on a report made by the judge who presided at the
trial.

The respondent's first contention is that this lay out was
invalid because not signed by the mayor.  There is no doubt
that ordinarily every order of the city council must be presented
to the mayor, and can become valid only by his approval or
failure to act upon the question of approval, or by being passed
over his veto.  R. L. c. 26, § 9.  Pub. Sts. c. 28, § 6.  *Quinn* v.
*Cambridge*, 187 Mass. 507.  *Murphy* v. *Webster*, 131 Mass. 482.
But the city charter of Fall River then in force gave exclusive
power to lay out streets to " the mayor and aldermen, with the
concurrent vote of the common council."  St. 1885, c. 269, § 19.
This lay out was made by the mayor and aldermen acting to-
gether, and was afterwards concurred in by vote of the common
council.  We should hesitate to say that the lay out was invalid
because not thereafter approved by the mayor.  Indeed the case
of *Baker* v. *Fall River*, 187 Mass. 53, would be decisive against
this contention of the respondent, except that it does not appear
that the question whether the lay out must finally be approved

by the mayor was raised in that case. Certainly the terms of the statute here in question are very different from those considered in *Quinn* v. *Cambridge* and *Murphy* v. *Webster*, *ubi supra*. But it is unnecessary to pass upon this question because we are of opinion that the respondent was entitled to a verdict for another reason.

The next question raised is whether this petition was prematurely brought. It is provided by statute that such a petition as this may be made at any time before the expiration of one year, in the case of the taking of land, from the day when the highway is entered upon and possession taken for the purpose of constructing the same; in the case of specific repairs, from the day when the work is actually commenced on the way; and in all other cases from the date of the order providing for the same. R. L. c. 48, §§ 28, 80. This petition was brought within one year from the date of the order for the lay out, and no question is made that it was properly brought if none of the petitioners' land was taken.

The petition, as at first filed, averred that the way was laid out over the petitioners' land; the amended petition, on which the trial was had, averred only that the way had been laid out adjoining their land. The petitioners' deed and previous deeds of the property were put in evidence, and they all described the land as " a certain lot of land the buildings thereon, situate on the northerly side of contemplated Barnes street, in said Fall River, and bounded and described as follows, viz : — Beginning at the southwesterly corner of said lot, at a point in said northerly line of Barnes street four hundred eight and 9-10 (408.9) feet easterly thereon from County street, and thence running northerly, at right angles with said street, one hundred (100) feet for a corner ; thence easterly by land now or formerly of Leonard N. Slade fifty (50) feet for a corner; thence southerly one hundred (100) feet to said Barnes street; and thence westerly by said street fifty (50) feet to the point of beginning ; containing eighteen and 365-1000 (18.365) square rods of land." As there was nothing to control the effect of this deed, it follows that the petitioners' land extended to the middle of the street. *McKenzie* v. *Gleason*, 184 Mass. 452. *Lemay* v. *Furtado*, 182 Mass. 280. *Dean* v. *Lowell*, 135 Mass.

55, 60.  *O'Connell* v. *Bryant*, 121 Mass. 557.  *Peck* v. *Denniston*, 121 Mass. 17.  *Boston* v. *Richardson*, 13 Allen, 146.  This was a case therefore in which land of the petitioners was taken by the lay out, and the petition could be brought at any time before the expiration of one year from the day when the highway was entered upon and possession taken for the purpose of construction.  Without recapitulating the evidence, it is enough to say that there was absolutely nothing to show such entry and taking of possession of any part of this street except what related to work done in the fall, about October, of 1903, after the filing of this petition, and except some testimony that city teams had collected ashes and garbage on the street since November, 1902.  There also was evidence that this street was numbered with the regular city numbers, though it appeared that this was done in Fall River on private as well as public ways, and there was nothing to show when this was done; and that after the bringing of this petition, but not before, a sign, " Barnes Street," from the city engineer's office and like the labels on the other streets, was on the side of this street.  On the other hand, there was affirmative evidence from the petitioners' witnesses that no plan had been furnished by the city engineer to the superintendent of streets by which to grade the street, as is usually done; that no work had been done towards making a street ; that no work had been done there by the city before June, 1903, and that the street never had been worked. There was no evidence whether the mayor or board of aldermen had ordered the superintendent of streets to work the street to grade or not.  Manifestly upon this evidence the jury could not have been warranted in finding that there had been any entry or taking possession for the purpose of construction of this way before the bringing of the petition ; *Corey* v. *Wrentham*, 164 Mass. 18 ; and the question whether the city could be bound by apparently unauthorized acts of its engineer or superintendent of streets does not arise and need not be discussed.

But the petitioners contend that they had a right to bring their petition before such entry and taking of possession ; that their time was limited on one side by the lay out, and on the other by a year after such entry, so that it might cover a period much longer than a year.  Before 1892, such a petition

had to be brought within one year from the adoption of the order, Pub. Sts. c. 49, § 33, *Childs* v. *Franklin*, 128 Mass. 97, although the damages could not be paid until after such entry and taking of possession. Pub. Sts. c. 49, § 14. *Commonwealth* v. *Noxon*, 121 Mass. 42, 44. *La Croix* v. *Medway*, 12 Met. 123. As, however, the city might delay such actual entry, for any time short of two years, under Pub. Sts. c. 49, § 88, now R. L. c. 48, § 92, it would sometimes happen that a petition must be brought, and that a trial would be had and assessment of damages made, before any actual construction of the way was begun, and when the amount of damages and the final right to require payment might be somewhat conjectural. *Harding* v. *Medway*, 10 Met. 465. Under these circumstances, the St. of 1892, c. 415, was passed, making the amendment now embodied in R. L. c. 48, § 28. The natural construction of this statute is that the right to file the petition does not accrue until the right to compel payment of the damages to be assessed arises, i. e. until actual entry for the purpose of construction. R. L. c. 48, § 13. And the natural construction has been adopted by this court in a carefully reasoned opinion. " No petition for a jury shall be brought until an entry is made upon the land taken for the purpose of constructing the way." Loring, J. in *Bates* v. *Boston Elevated Railway*, 187 Mass. 328, 334, citing R. L. c. 48, §§ 28, 68, 80. For a history of the legislation upon this subject and a discussion of the effect of the statutes now in force, see *Corey* v. *Wrentham*, 164 Mass. 18, 22.

Accordingly we are of opinion that this action was prematurely brought, and that the judge who presided at the trial rightly ordered a verdict for the respondent.

As this conclusion is decisive of the case at bar, we have not thought it necessary to consider the respondent's third contention that although at the time of the trial more than two years had passed since the right to take possession first accrued, no possession had been taken of any of the land over which the street was located for the purpose of construction, and accordingly, that the lay out had become void under R. L. c. 48, § 92, and the petition could not be maintained under the rule of *Drury* v. *Boston*, 101 Mass. 439; for although this contention is doubtless open to the respondent, under its request that a ver-

dict be ordered in its favor, we are apprehensive that this position was not clearly understood by the petitioners at the trial; and the facts may appear differently upon another petition.

The result is that, following the terms of the report, judgment must be entered for the respondent on the verdict.

*So ordered.*

*L. E. Wood,* (*A. S. Phillips* with him,) for the petitioners.
*H. A. Dubuque,* for the respondent.