Rowe, J.
This is an action of tort for conversion. The . trial judge found generally for the defendant without making any findings of subordinate facts. The plaintiff claims *273 to be aggrieved particularly by the denial of his second request for ruling of law which request reads as follows: “The property in issue was ‘timber’ within the meaning of G. L. (Ter. Ed.) c. 135, s. 12.”
There was evidence tending to show that there was a hurricane on Sept. 17, 1944 which resulted in the flooding of large areas along the two streams where the plaintiff’s property is located; that the hurricane resulted in the destruction of much property and distribution over a wide area; that one George Braley had lost some cottage property in the hurricane of 1938 and had recovered as salvage therefrom sections of flooring and of tongued and grooved finished flooring undergirded with floor joists and sills which are the items in issue. The property referred to in count one of the declaration referred to a piece of flooring •18' x 7' in dimension with floor joists of 2" x 6" and sills 4" x 6". The property referred to in count two of the declaration refers to a piece of flooring 12' x 6' undergirded with sills and floor joists of same size as above described; there was photographic evidence showing other debris and timbers and the property in issue on the plaintiff’s premises where the flood waters, resulting from the storm had left them. There was a bill of sale from one Braley, the former owner of the property in issue, to the defendant, which was dated June 25, 1945. The defendant thereafter took possession of the property.
The plaintiff contends that the property in issue became his property by virtue of G. L. (Ter. Ed.) c. 135 s. 12, which reads as follows:
“The owner of a log, mast, spar or other timber carried by flood into land adjoining any river, stream or pond may, within six months, remove the same from said land upon paying or tendering to the owner or occupant thereof such reasonable damages as may be caused by such removal; and if he does not so remove *274 it within said six months, or otherwise agree with the owner or occupant of such land, it shall be the property of such owner or occupant.”
The defendant’s brief makes no contention with reference to the statute but does claim that Braley was the former owner of the property and that the bill of sale delivered its title to the defendant.
To have the advantage of the statute in the case at bar the property in question must be “timber.” The plaintiff’s second request for ruling that the property in question was such “timber” was denied by the trial judge.
We think the property was timber within the meaning of the statute. Black’s Law Dictionary says of timber that “timber has generally been defined as that sort of wood which is proper and suitable to be used for the construction of buildings, tools, utensils, furniture, fences, ships and the ■like. It applies not only to standing trees, but to beams, rafters, scantlings, boards, planks and other manufactured lumber hewed or sawed from such trees and is sometimes used as synonymous with lumber. 17 R. C. L. 1065.” See also Com. v. Noxon, 121 Mass. 42, 43, where a broader application of the word was made in another connection than is required in the case at bar.
The component parts of the flooring in question were timber, and we do not think that the floorings in, question are to be here considered as anything different than timber within the purpose of the statute. 1 The purpose of a statute is material. “The guiding principle for the interpretation of a statute is that it must be construed, if reasonably possible, so as to effectuate the purpose of the framers. . . . the mischief to be remedied and the object to be accomplished.” Com. v. S. S. Kresge Co., 267 Mass. 145, 148.
The purpose of the above quoted statute is to make more certain the status of property carried by flood and the *275 floorings in question would come within that purpose. The case at bar does not require as broad an application as was given the word “timber” in the Noxon case, supra, in another connection.
The trial judge made no subordinate findings of fact, simply a general finding for the defendant. Hence we cannot tell whether the request was denied because of a ruling of law or because on the facts which the evidence tended to show, but did not thereby establish, he did not find the required facts which would make the statute applicable. In Schrank v. County Savings Bank, 298 Mass. 30, 32, it is stated “if on the record it was impossible to determine whether the sixth request was denied as a matter of law or because immaterial to the facts found there would be manifest error which would require a reversal and ordering of a new trial. Bresnick v. Heath, 292 Mass. 293, 298. But on the report there is nothing to show that the request was denied as immaterial to facts found, for there are no findings of fact to support such a conclusion.”
In view of what we have said it becomes unnecessary to consider the other requests of the plaintiff which were denied.
There was error in the denial of the plaintiff’s second request, and a new trial should be granted. So ordered.