Stewart, J.
The question of law here presented is whether the deed by Braudy to plaintiff’s predecessor *355 in title contains a reservation of title to the south one-half of McGregor avenue which was vacated during the time Braudy owned lots Nos. 73 and 75 of the subdivision of the heirs of Stephen Kemper.
In considering this question it is important to examine the deeds by which Braudy acquired the lots and the conveyance subsequently made by Braudy to the predecessor in title of plaintiff.
Title came to Bráudy by a deed executed by Morris Kasfir and Ben Grad, dated December 10, 1925. That deed conveyed “lots numbered seventy-five and part of seventy-three on a plat of subdivision made by the devisees of Stephen Kemper, * * * said lots being located on the west side of Florence avenue, together with a portion of a vacated alley on the west. ’ ’
The premises are more particularly described as follows:
“Beginning at a point in the west line of Florence avenue where the same is intersected by the south line of McGregor avenue; thence southwardly with the west line of Florence avenue thirty-eight (38) feet to a point; thence westwardly parallel with McGregor avenue ninety-one and thirteen hundredths (91.13) feet to the center line of said vacated alley; thence northwardly with the said center line thirty-two and forty-five hundredths (32.45) feet to the south line of McGregor avenue; thence eastwardly with the south line of McGregor avenue, one hundred and ten (110) feet to the point of beginning * *
It will be noted that this deed established as one of the boundaries of the premises the south line of Mc-Gregor avenue.
Braudy, by a deed executed November 29, 1927, conveyed to one Incornato Coletta lots Nos. 67, 69, 71, 73, and 75 of the subdivision of the heirs of Stephen Kemper. This deed conveyed the east half of Farran alley, which is particularly described, and it contains *356 a description of the entire premises. It is from the specific description contained in this deed that the company and Braudy base their claim of title to the vacated portion of McGregor avenue. The description is as follows:
“Beginning at a point in the west line of Florence ave. where the same is intersected by the south line of McGregor avenue; thence west with the south line of McGregor avenue, one hundred and ten (110) feet to the center of the vacated alley; thence south along the center of said alley, one hundred (100) feet to a point; thence east on a line parallel with the south line of McGregor avenue ten (10) feet to the west line of lot No. 67; thence south with the west line of lot 67, twenty-five (25) feet to the south line of lot 67; thence east with the south line of lot 67, twenty-three (23) feet more or less to the west line of Florence ave.; thence north along the west line of Florence ave. one hundred and thirty (130) feet, more or less to the place of beginning, and being the same premises conveyed to Harry Braudy by two deeds one from Samuel Goldberg and wife, dated December 10, 1925 and recorded in deed book 1378, page 343, and the other from Morris Kasfir et al., dated December 10, 1925 and recorded in deed book 1374, page 572, records of Hamilton county, Ohio, and all the estate, title and interest of the said Harry Braudy either in law or equity of, in and to the said premises; together with all the privileges and appurtenances to the same belonging, and all the rents, issues and profits thereof; to have and to hold the same to the only proper use of the said Ineornato Coletta, her heirs and assigns forever.”
It is to be noted that in this last described deed one of the boundaries is the south line of McGregor avenue. It is the contention of the company and Braudy that, since the conveyance established as a boundary the south side of McGregor avenue, the abutting portion *357 of the vacated street was expressly excluded, and that title to such portion was still held by Braudy.
The rule is well established in Ohio that upon the vacation of a street the fee thereto does not revert to the original dedicator but accretes to the abutting-lot owners, subject only to such rights as other such owners may have in the street as a necessary means of access to their property. Kinnear Mfg. Co. v. Beatty, 65 Ohio St., 264, 62 N. E., 341, 87 Am. St. Rep., 600.
Title, therefore, to one-half of that portion of vacated McGregor avenue abutting his property was in Braudy at the time he made the conveyance to plaintiff’s predecessor in title.
Although the question of law immediately presented here involves the deed by Braudy to Coletta, it is interesting to note that the description in such deed does not differ from the one by which Braudy received his title. The question narrows down to whether the failure to include, by specified boundaries, the vacated portion of the street in the conveyance from Braudy to Coletta reserved to Braudy the fee therein which he could lawfully convey to the company.
Many eases are cited by counsel in which similar deeds were construed, with particular attention being directed to conveyances which denominated a boundary as running to the “side” of a street which was subsequently vacated. Many of the cases refer to 3 Kent’s Commentaries (13 Ed.), 606, which states the common-law rule as follows:
“The established inference of law is, that a conveyance of land bounded on a public highway carries with it the fee to the centre of the road, as part and parcel of the grant. The idea of an intention in the grantor to withhold his interest in a road to the middle of it, after parting with all his right and title to the adjoining land, is never to be presumed. It would be *358 contrary to universal practice; and it was said, in Peck v. Smith [1 Conn., 103], that there was no instance where the fee of a highway, as distinct from the adjoining land, was ever retained by the vendor. It would require an express declaration, or something equivalent thereto, to sustain such an inference; and it may be considered as the general rule, that a grant “of land bounded upon a highway or river carries the fee in the highway or river to the centre of it, provided the grantor at the time owned to the centre, and there be no words or specific description to show a contrary intent.”
Although there are some cases to the contrary, the great weight of authority is to the effect that a description in a deed which denominates, as a boundary of the premises conveyed, the “side” of a dedicated street does not ipso facto constitute an exclusion, and that, where such street is subsequently vacated, the fee therein attaches to the abutting property. The following cases are illustrative: McGee v. Swearengen, 194 Ark., 735, 109 S. W. (2d), 444 (along the north line of said street); Bowers v. Atchison, Topeka & Sante Fe Ry. Co., 119 Kan., 202, 237 P., 913, 42 A. L. R., 228 (north line of a highway); Schneider v. Jacob, 86 Ky., 101, 5 S. W., 350 (on the east side of a street); Everett v. City of Fall River, 189 Mass., 513, 75 N. E., 946 (westerly by said street); Woodman v. Spencer, 54 N. H., 507 (on the easterly side of said road); Salter v. Jonas, 39 N. J. Law, 469, 23 Am. Rep., 229 (along the northerly line of a street); Cox v. Freedley, 33 Pa., 124, 75 Am. Dec., 584 (along the northeast side of a street); Paul v. Carver, 26 Pa., 223, 67 Am. Dec., 413 (along the northerly side of ); Marsh v. Burt, 34 Vt., 289 (on the east side of); and Kneeland v. Van Valkenburgh, 46 Wis., 434, 1 N. W., 63, 32 Am. Rep., 719 (the south line of a street).
*359 As is conceded, when McGregor avenue was vacated the fee of the half of it abutting what is now plaintiff’s property accreted to Braudy as the owner.
It seems to us only logical that, when Braudy conveyed his property by lot number and by metes and bounds describing one of its boundaries as running with the south line of McGregor avenue, without any reservation to himself of that portion of McGregor avenue which he had acquired by its vacation, he intended by such description to convey the lot to the center of former McGregor avenue just as he had owned it.
The company and Braudy contend that under the decisions of this court in Lough v. Machlin, 40 Ohio St., 332, and Lembeck v. Nye, 47 Ohio St., 336, 24 N. E., 686, 21 Am. St. Rep., 828, 8 L. R. A., 578, the deed by Braudy to plaintiff’s predecessor in title did not convey any interest in the vacated street since the deed described the south line of McGregor avenue as a boundary. In construing the deed in the Lough case, this court stated that, since the deed “did not, in effect, describe M’s lot as ‘bounded by an alley,’ but by the east line of the alley, the rule of construction of deeds making ‘a stream’ or ‘a road’ or ‘a way,’ a boundary, does not apply”
The Lough case does not appear to have been based primarily on this distinction. The facts as set forth show that the alley in question was never dedicated, and, although council subsequently passed an ordinance vacating part of an alley abutting the lots, the plaintiff claimed title under a quit-claim deed from the original owner of the land. Therefore, in that case there never was a dedicated alley requiring vacation by act of council, and' the original owner of the land constituting the alley never lost title to it.
In the Lembeck case, the plaintiff was the owner of *360 a private lake in which the public had acquired no interest and he sought to prevent its use for commercial purposes by persons to whom a common predecessor in title had conveyed parcels of land by deeds, some of which parcels, by description, extended to the margin of the lake.
This court, in deciding that case, confined itself strictly to the question of the effect .of the deeds as to the boundaries on the lake margin, and, since the public had acquired no right in the lake, there was no presumption that the marginal lots included any portion of the lake.
This court construed the deeds strictly and held that, by description, the boundaries on the lake margin were, as set forth, the margin of the lakes and did not extend into the water itself. Any language in the opinion which seems to bolster the claims of the company and Braudy in the present case is pure obiter.
In Paine v. Consumers’ Forwarding & Storage Co., 71 F., 626, the United States Sixth Circuit Court of Appeals considered a case involving the ownership of a vacated half of a street adjoining various subdivision lots. After the street was vacated, the lots were conveyed by a deed in which they were described by reference to a plat, which in turn described the lots by dimensions which did not include the street. The deed contained no reservation of the vacated street to the grantor and the court held that the grantor’s interest in the street passed to the grantee.
The court, speaking through Judge Taft, afterwards Chief Justice of the United States, said:
“In Banks v. Ogden, 2 Wall., 68, Chief Justice Chase, speaking for the Supreme Court, said:
“ ‘It is a familiar principle of law that a grant of land bordering on a road or river carries the title to the center of the river or. road, unless the terms or cir *361 eumstances of the grant indicate a limitation of its extent by exterior lines. ’
“In Ohio the same general rule is in force. * * *
t i # # #
‘ ‘In regard to the numbered lots it is contended that the lengths of the lots as given exclude all the street, and therefore that a conveyance of the lots cannot include one-half of it. Such a circumstance is not usually allowed to overcome the ordinary presumption. In Berridge v. Ward, 10 C. B. (N. S.), 400, it was held by the Common Pleas Court of England that where the land conveyed was described in the deed as ‘the lot colored red upon an annexed plat,’ the deed carried with it the fee to the center of the adjoining highway, although no part of the highway was colored red; and although the dimensions of the lot as given in the deeds would exclude the street. In Newhall v. Ireson, 8 Cush., 595, it was held, Chief Justice Shaw delivering the opinion, that where the land conveyed was described as bounding upon a road, the deed carried the fee in the road to the center line, although the calls by distance carried the lot only to the road side. In Peck v. Denniston, 121 Mass., 17, the same court, speaking by Chief Justice Gray, made the same ruling on a similar state of facts. See, also, Cox v. Freedley, 33 Pa. St., 124, and Chatham v. Brainerd, 11 Conn., 60-85. The evils resulting from the retention in remote dedicators of the fee in gores and strips, which for many years are valueless because of the public easement in them, and which then become valuable by reason of an abandonment of the public use, have led courts to strained constructions to include the fee of such gores and strips in deeds of the abutting lots. And modern decisions are even more radical in this regard than the older cases.”
It seems to us that the foregoing rule is both logical and reasonable.
*362 Since the owner of land abutting on a street has a title which extends to the center line of such street, since, where he conveys his land to another, he conveys the title thereto to the center of the street, and since, if such street is vacated, it accretes to the abutting-lot owners, subject only to such rights as other such owners may have in the street as the necessary means of access to their property, we hold that, where the owner of a lot abutting on a street, which street is vacated during his ownership, conveys such lot by number and without reservation of any rights in the street, such conveyance transfers, in addition to the lot, all rights which the grantor may have acquired by reason of such vacation, even though the metes and bounds description in the conveyance extends only to the side of the street.
Plaintiff by the conveyance to him. of lot No. 75 secured the title in fee to the one-half of vacated Mc-Gregor avenue abutting such lot, and no actions by him have been shown which estop him from asserting his title in the present action.
The judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Middleton, Tapt, Zimmerman and Lamneck, JJ., concur.
Hart, J., not participating.