*M. F. Dickinson, Jr. & H. R. Bailey*, for the assignee.

---

WILLIAM O. BROWN, executor, & another *vs.* NELLIE H. COREY.

Worcester. Oct. 5, 1882. — Feb. 28, 1883. C. ALLEN, COLBURN & HOLMES, JJ., absent.

Under the Pub. Sts. c. 156, § 35, this court has no power, in contested probate cases, to award counsel fees or other expenses, as "costs," in addition to the taxable costs; and such power does not exist independently of the statutes.

APPEAL from a decree of the Probate Court allowing the will of Walter Heywood. Hearing before *C. Allen*, J., who reported for the consideration of the full court the following case:

Issues were framed for a jury, and a verdict was rendered sustaining the validity of the will. The decree of the Probate Court was affirmed, and the case was remitted to that court for further proceedings.

The executor of the will took no part in the trial, but the case was carried on by the other appellee, Lydia R. Heywood, the widow and one of the legatees; and all expenses of counsel and witnesses were incurred by her. She moved that her costs, to be taxed as between solicitor and client, might be ordered to be paid by the appellant, or out of the estate of the deceased. The presiding justice ordered that the taxable costs be paid to her out of said estate, and was of opinion that, in justice and equity, the other reasonable charges and expenses of establishing the will should also be paid to her out of said estate; but, being of

opinion that he had no legal right to order such other charges and expenses to be paid out of the estate, declined, for this reason only, to order the payment out of the estate of any charges and expenses except the taxable costs as above stated. If such reasonable charges and expenses could legally be ordered to be paid to her out of the estate, the same were to be taxed by a single justice.

*F. P. Goulding & H. C. Hartwell*, for the appellee.

*G. A. Torrey*, for the appellant.

MORTON, C. J. The decision of the question presented in this case turns upon the construction of our statutes regulating costs in probate proceedings. The statute provides that, "in cases contested either before a Probate Court or before the Supreme Court of Probate, costs in the discretion of the court may be awarded to either party to be paid by the other, or to either or both parties to be paid out of the estate which is the subject of the controversy, as justice and equity may require." Pub. Sts. c. 156, § 35.

If this were a new statute, to be construed by itself, there would be ground for the argument that the amount of the costs was to be within the discretion of the court, as well as the party to or by whom they were to be paid. But, upon examining the history of this provision, we think it cannot fairly receive this construction. It is taken without change from the General Statutes. Gen. Sts. c. 117, § 25. The provision in the General Statutes was intended as a reënactment of the Rev. Sts. c. 83, § 47, which provided that, " in all cases that are contested, either before the judge of probate, or in the Supreme Court of Probate, the said courts respectively may, in their discretion, award costs to either party, to be paid by the other, or to either or both parties, to be paid out of the estate which is the subject of the controversy, as justice and equity shall require." By the natural construction of this provision, the discretion applies to the power to award among the parties, and not to the thing to be awarded, which is defined as " costs," a term of frequent occurrence in our statutes, meaning legal or taxable costs, and not including counsel fees. The change in the arrangement of the language, in the reënactment of this provision in the General Statutes, was probably accidental, as the report of the

commissioners does not suggest, and there is nothing to lead us to suppose, that any change in the law was intended. The provision of the Revised Statutes was derived from the Sts. of 1783, *c.* 46, § 4, and 1817, *c.* 190, § 44. Under the latter statute, which provided that the courts "may in their discretion award reasonable costs to either or both parties, in all those cases where justice shall require it," it was held that legal costs only could be allowed, and not counsel fees or other expenses. *Swan* v. *Picquet*, 4 Pick. 465.

Similar statutes have received a similar construction. The Rev. Sts. *c.* 109, § 21, provided that in a trustee process, when a claimant is admitted as a party, "the court may, at their discretion, award costs, between him on the one part, and the attaching creditor and the supposed trustee, or either of them, on the other part, as justice and equity may require," which was reënacted with some change of language in the Gen. Sts. *c.* 142, § 73. It was held that the discretion related only to the party by whom the costs were to be paid, and not to the amount of the costs. *Morrison* v. *McDermott*, 6 Allen, 122. So in the provision of the Rev. Sts. *c.* 90, § 90, that "the court may, upon every such inquiry, award to either party such costs, as they shall think just and reasonable," it was held that the term "costs" meant "taxable costs as ordinarily taxed; which, under our system, excludes all charges for counsel fees, except in the cases where specially given by statute." *Guild* v. *Guild*, 2 Met. 229. In view of the history of the statute we are considering, and of the adjudicated cases, we are of opinion that the court has not the power in contested probate cases to award counsel fees or other expenses as "costs;" and therefore that the presiding justice rightly ordered that the legal taxable costs only should be paid out of the estate.

It is further contended that the court has this power independently of the statutes. It is the common practice, in bills for instructions by executors or trustees, and in other cases, where the suit is brought to solve difficulties created by some ambiguity or obscurity in a will or other instrument, to allow costs, taxed as between solicitor and client, to be paid out of the estate or fund which is the subject of controversy. But cases of this character have no application to probate proceedings

under our system. The express provisions of the statutes as to costs exclude any power in the court to adopt and apply any rule of costs contrary to those provisions.    *Order affirmed.* *

---

* A similar decision was made in Middlesex, on the same day, in the case of

WILLIAM H. MORRILL, executor, *vs.* GEORGE WISEMAN & another.

APPEAL, by the executor of the will of Robert Wiseman, from a decree of the Probate Court disallowing said will. At the hearing, before *Field*, J., the usual issues were framed for a jury, who returned a verdict sustaining the will.

The attorneys for the appellees moved that the court, in its discretion, order that the costs and expenses of the appellees (including reasonable counsel fees) be paid out of said estate.

The judge was of opinion that the appellees should be allowed taxable costs, to be paid out of the estate, and that the appellees should be paid counsel fees in the sum of $150 out of the estate; but, being in doubt as to whether it was in the power of the court to make such order as to counsel fees, the question was reserved for the consideration of the full court.

*J. A. Maxwell*, for the appellees.

*J. W. Hammond*, for the appellant.

MORTON, C. J. This case is governed by *Brown* v. *Corey*, *supra*.

*Taxable costs only allowed.*