## BYINGTON v. MOORE.

1. **Attorney at Law**: PROCEEDINGS to DISBAR: AUTHORITY OF COURT. It is probable that the district court, in the exercise of its inherent authority, could require a member of the bar to prosecute charges, filed under § 219 of the Code, against a practicing attorney, looking to his disbarment, but the exercise of such authority rests in the sound discretion of the judge.

2. **Appeal**: DECISION NOT FINAL: PROCEEDINGS TO DISBAR ATTORNEY. The overruling of a motion to appoint counsel to prosecute charges against an attorney, looking to his disbarment, is not such a final order as that an appeal will lie therefrom to this court, under § 3164 of the Code.

*Appeal from Page District Court.*

. WEDNESDAY, DECEMBER 8.

THE plaintiff presented to the court below an accusation, verified by his own oath, charging defendant, who is an attorney at law, and a member of the bar of the state, with certain crimes and breaches of professional duty, and asking that an attorney of the court, or a committee of attorneys, be appointed, to present to the court charges and specifications against defendant, based upon the accusation, with a view to his final disbarment. The court ordered the accusation to be filed, and that defendant be ordered to plead thereto at the next term of the court. Service of the accusation was made upon defendant, and at the next term he filed an answer denying all the allegations thereof. The plaintiff filed an amendment to his accusation, charging other crimes . and unprofessional conduct. He afterwards filed a motion showing that he had no special interest in the matter further than is shared by the public generally; that he is not a practicing attorney; that a portion of the charges are within his exclusive knowledge, and to establish them he would be a material witness; and that " he has not the ability, physical, pecuniary or

otherwise, to prosecute the cause with efficiency." Upon these grounds he asked the court to appoint the district attorney, and another member of the bar named in the motion, to conduct the prosecution of the charges. The motion was overruled, and from this action plaintiff appeals.

*Le Grand Byington,* appellant, *pro se.*

No appearance for defendant.

BECK, J.—I. We find no express authority conferred by statute upon the court to appoint an attorney to conduct prosecutions of this character. An attorney may be appointed to draw up an accusation against a member of the bar for criminal or unprofessional conduct, looking to his disbarment; (Code, § 219;) but it is probable that the court, in the exercise of its inherent authority, could require a member of the bar to discharge such duty. But the exercise of such authority rests in the sound discretion of the judge. The abstract before us fails to show any facts upon which we may find, or even infer, an abuse of such discretion. Indeed, no facts are presented to us further than are alleged in the pleadings and motion. We are required rather to presume that the judge rightly exercised his discretion.

II. The cause, however, may be disposed of upon these grounds: The order of the court overruling the motion does not affect any substantial right of plaintiff in the proceedings, and " does not determine the action, and prevent a judgment from which an appeal may be taken;" nor does the order " involve the merits, and materially affect the final decision of the cause." In the absence of these conditions, no appeal can be taken. Code, § 3164.

The plaintiff's appeal will therefore be

DISMISSED.