JOSEPH WILLARD & another *vs.* STEPHEN LAVENDER.

Suffolk.    March 22, 1888. — May 4, 1888.

Present: MORTON, C. J., DEVENS, W. ALLEN, C. ALLEN, & HOLMES, JJ.

*Probate Court — Costs and Expenses — Counsel Fees — Guardian and Ward.*

The Probate Court has no power, under the Pub. Sts. c. 156, § 35, as amended by the St. of 1884, c. 131, authorizing it to award to either party "costs" and "expenses" in contested cases, to compel a guardian, on a petition by counsel, to pay for professional services rendered in that and another court for an infant ward; but the remedy is by action against the ward, or on the guardian's bond.

PETITION to the Probate Court by Joseph Willard and Charles Steere, counsellors at law, alleging that they were counsel for Lizzie H. Orrok, a minor; that they had rendered professional services in her behalf according to an account annexed to the petition; and praying that Stephen Lavender, the guardian of her estate, might be ordered to pay to them the amount of their account from the estate. The account an-

nexed recited that the estate was indebted to the petitioners for a balance of two hundred and fifty dollars, for legal services rendered in the Supreme Judicial Court in opposing a petition for a writ of ·habeas corpus, and in the Probate Court in relation to the custody of the ward, and in other matters not specifically set forth.

On this petition, the judge of probate made a decree that " Stephen Lavender, guardian as aforesaid, be, and he hereby is, authorized and ordered to pay to said petitioners, in full for services rendered on account of said Lizzie H. Orrok, the sum of two hundred and fifty dollars." From this decree the guardian appealed to this court.

The case was heard before *Holmes,* J., who made a decree, which, after reciting that it appeared that the proceedings in the Probate Court in which the services were rendered were not terminated, and that the decree, if otherwise valid, was for that reason premature, reversed the decree without prejudice, and recommitted the case to the Probate Court. The petitioners appealed to the full court.

*J. Willard & C. Steere, pro se.*

*H. W. Chaplin,* for the guardian.

MORTON, C. J. The statute provides that, " in cases contested either before a probate court or before the Supreme Court of Probate, costs in the discretion of the court may be awarded to either party, to be paid by the other, or to either or both parties to be paid out of the estate which is the subject of the controversy, as justice and equity may require." Pub. Sts. c. 156, § 35. After the decision in *Brown* v. *Corey,* 134 Mass. 249, this was amended by inserting after the word " costs " the words " and expenses." St. 1884, c. 131.

The purpose of the amendment was to give the courts of probate power, in contested cases, to award to either party costs as between solicitor and client, and the expenses of the suit to be paid by the adverse party, or out of the estate, in the discretion of the court, in analogy to proceedings in equity on bills for instructions by executors or trustees. The statute does not apply to the case at bar.

The petitioners' claim is a common law claim for professional services rendered by them for the infant ward. A portion of

the claim is for services rendered in proceedings in the Probate Court, and a portion for services in independent proceedings in the Supreme Judicial Court. Their proper remedy is by a suit at law against the ward, or upon the guardian's bond. *Conant* v. *Kendall,* 21 Pick. 36. *Hicks* v. *Chapman,* 10 Allen, 463.

Their petition does not ask for an award under the statute to the ward, of costs and expenses, but is an independent proceeding in their own names to compel the guardian to pay their account out of the estate. The decree of the Probate Court does not purport to be a decree for costs and expenses in proceedings before that court, but is an adjudication that the guardian shall pay the sum of two hundred and fifty dollars in full for services rendered by the petitioners on account of the ward.

The Probate Court had no jurisdiction to entertain the petition, or to make such adjudication.

The record before us does not disclose clearly the nature of the proceedings before the Probate Court, and we cannot now consider whether at their termination the Probate Court can make an allowance to the ward of costs and expenses, to be paid by the guardian out of the estate.

*Decree of the Probate Court reversed.*