GEORGE D. BURRAGE *v.* COUNTY OF BRISTOL.

Bristol.   October 23, 1911. — November 29, 1911.

Present: RUGG, C. J., HAMMOND, BRALEY, & DeCOURCY, JJ.

*Attorney at Law,* Disbarment.   *Practice, Civil,* Disbarment proceedings.   *Statute,* Construction.   *Usage.*   *Words,* "Costs," "Expenses."

The word "costs" as applied to proceedings in court ordinarily means only legal or taxable costs and does not include counsel fees.

Where the language of a statute is of doubtful import, a construction put upon it for many years, during which the statute was not amended, by officers charged under its provisions with the performance of public duties is strong evidence of its meaning.

Where an attorney at law, acting under an order of the Superior Court authorizing him to prosecute certain disbarment proceedings and directing that "the expenses and costs of the same be paid as in criminal proceedings in this court," in such proceedings renders services and incurs liability for services of an associate counsel employed by him therein, and a judge of the Superior Court allows a reasonable charge which the attorney made therefor, the county in which such proceedings were pending must pay such charge, since the word "expenses," as used in R. L. c. 165, § 44, providing that the "expenses and costs" in such proceedings "shall be paid as in criminal prosecutions in the Superior Court," includes compensation to attorneys charged with the prosecution of the proceedings and empowers that court to award compensation to such an attorney for his services.

CONTRACT for $906.88 upon an account annexed which included items amounting to $500 for services rendered by the plaintiff in the prosecution of disbarment proceedings against an attorney at law, an item of $250 paid by the plaintiff to R. A. Dean, Esquire, as his associate counsel, and items amounting to $156.88 representing cash disbursements by the plaintiff in those proceedings.

The case was heard upon an agreed statement of facts by *Raymond,* J.   It appeared that the disbarment proceedings were begun in the county of Bristol in the Superior Court by certain members of the Massachusetts Bar Association and that at the commencement of the proceedings the court made an order that the plaintiff in this action " be and hereby is authorized to prosecute the inquiry and proceedings in relation to said petition; and that the expenses and costs of the same be paid as in criminal proceedings in this court."

At the close of the disbarment proceedings, the presiding judge approved and allowed a claim of the plaintiff including the items set out in the account annexed.

The defendant objected only to the items for the services of the plaintiff and of Mr. Dean. It admitted that the charge for those services was reasonable in amount.

It was agreed, if material, "that it has been the practice for many years for counties to pay for professional services rendered in similar disbarment proceedings."

The trial judge found for the plaintiff for the full amount claimed in the declaration. The defendant appealed.

*F. S. Hall*, for the defendant.

*J. A. Lowell*, for the plaintiff.

RUGG, C. J. The question presented is whether in proceedings for disbarment of an attorney at law, under R. L. c. 165, § 44, the court is empowered to award compensation to the attorney who conducts the proceedings for the removal. The material words of the section are: "An attorney may be removed by the Supreme Judicial Court or the Superior Court for deceit, malpractice or other gross misconduct . . .; and the expenses and costs of the inquiry and proceedings in either court for the removal of an attorney shall be paid as in criminal prosecutions in the Superior Court." The word "costs," as applied to proceedings in court, ordinarily means only legal or taxable costs, and does not include attorneys' fees. *Brown* v. *Corey*, 134 Mass. 249. The word "expenses," although broad enough to include counsel fees, is of varying significance, dependent upon the connection in which it is used. Under some circumstances it would not include them. See, for instance, *Marshall Fishing Co.* v. *Hadley Falls Co.* 5 Cush. 602. The provision in a mortgage that "costs and expenses" be retained in case of foreclosure out of the proceeds of the sale has been held to include a reasonable counsel fee. *Varnum* v. *Meserve*, 8 Allen, 158. *Bangs* v. *Fallon*, 179 Mass. 77. In proceedings under the highway act "expenses" include land damages. *Damon* v. *Reading*, 2 Gray, 274. *Brigham* v. *Worcester*, 147 Mass. 446. In *Willard* v. *Lavender*, 147 Mass. 15, the words "costs and expenses" as used in St. 1884, c. 131 (R. L. c. 162, § 44) were construed to authorize a reasonable allowance for professional fees as between solicitor and

client. Although there are decisions in other jurisdictions to the effect that in different connections the word " expenses " does not include counsel fees, no case has been found in substance like the present. The meaning of the word must be determined in the light of the end to be attained by the statute in which it occurs.

The subject is one of vital public interest. The removal of attorneys, who have become unfaithful to their trust and are unfit longer to exercise their office and to be held out as trustworthy, faithful and competent, is of concern to all the people. Although it is the duty of members of the bar, as public officers, to see that their body is purged of unworthy members, and the court has a right in the exercise of its inherent power to require any of its officers to institute and prosecute proceedings looking toward disbarment all without compensation (*Fairfield County Bar* v. *Taylor*, 60 Conn. 11, 14, *State* v. *Harber*, 129 Mo. 271, 294, *Byington* v. *Moore*, 70 Iowa, 206), and such proceedings may be instituted by the court itself (*Ex parte Wall*, 107 U. S. 265, see *Randall* v. *Brigham*, 7 Wall. 523; *Randall, petitioner*, 11 Allen, 473), yet the matter is of such importance that the Legislature might well be moved to make additional provision to assure the disbarment of unfit attorneys. The expenses incident to an investigation of this sort outside the time spent by the attorney prosecuting the charges, in most cases, would be small. There are considerable items in the account annexed to the present declaration for cash disbursements. But most of them would be included under a proper definition of "costs." The phrase, " expenses of inquiry," as applied to this subject matter, indicates thoroughness and comprehensiveness, which might not be implied in other relations. These words have been in our statutes dealing with this matter since 1836. It is agreed that the practice has been for many years for the counties to pay for professional services rendered in prosecuting disbarment proceedings. Where the language of a statute is of doubtful import, the contemporaneous construction put upon it by officers thereby charged with performance of public duties is strong evidence of its meaning. The understanding and application of statutory words susceptible of different meanings, through years of practice, and sanctioned by the acquiescence of the Legislature, is significant of the intention with which they were employed originally.

*Rogers* v. *Goodwin*, 2 Mass. 475. *Packard* v. *Richardson*, 17 Mass. 122, 144. *United States* v. *Hermanos y Compañia*, 209 U. S. 337. *Brown* v. *United States*, 113 U. S. 568, 571, and cases cited. *In re Washington Street Asylum & Park Railroad*, 115 N. Y. 442, 447. See also cases collected in *Bates & Guild Co.* v. *Payne*, 194 U. S. 106, at 111. All these considerations combined lead us to the conclusion that no error has been committed.

*Judgment affirmed.*

