FREDERICK R. SEARS & others, executors, *vs.* INHABITANTS OF NAHANT. .

Essex. March 14, 1913. — June 17, 1913.

Present: RUGG, C. J., HAMMOND, LORING, SHELDON, & DE COURCY, JJ.

*Tax*, Abatement. *Practice, Civil,* Costs, Counsel fees. *Words,* "Expenses."

Review by HAMMOND, J., of statutory provisions for the payment of costs and expenses in proceedings for the abatement of taxes.

Review by HAMMOND, J., of the leading cases in which this court has had occasion to consider whether the word "expenses" as used in a statute was or was not intended to include counsel fees.

A proceeding upon a petition in the Superior Court under R. L. c. 12, § 78, appealing from the refusal of the assessors of a city or town to abate a tax, is in the nature of an action at law.

It is provided by R. L. c. 12, § 81, (now St. 1909, c. 490, Part I, § 80,) that, in a proceeding upon a petition in the Superior Court appealing from the refusal of the assessors of a city or town to abate a tax, "if no abatement is granted, judgment shall be rendered for the city or town for its expenses and costs, which shall be taxed by the court." *Held,* that this provision does not authorize the taxation of counsel fees paid by a town in favor of which a judgment is rendered on a refusal to grant an abatement.

PETITION, filed in the Superior Court on March 1, 1909, under R. L. c. 12, § 78, appealing from the refusal of the assessors of the town of Nahant to abate a tax assessed to the petitioners as the executors of the will of Frederick R. Sears.

The case was heard by *Crosby,* J., who found that the petitioners were entitled to no abatement, and reported the case for determination by this court, who in a decision, reported in 205 Mass. 558, held that the petition should be dismissed, and, in accordance with the terms of the report, ordered that judgment should be entered for the respondent with such costs and expenses as it might be entitled to, to be taxed in the Superior Court.

Thereafter the respondent made a motion in the Superior Court

that its costs and expenses be taxed. The motion was heard by *Crosby,* J. The respondent offered evidence, which was not disputed, that it had expended more than $7,500 as counsel fees and also the sum of $227.63 for stenographers' bills, printing and other expenses.

The judge ruled that the counsel fees were not taxable against the petitioners under R. L. c. 12, § 81, now St. 1909, c. 490, Part I, § 80. He found and ruled that the respondent as part of its costs and expenses was entitled to have its ordinary costs taxed by the clerk as in the usual civil actions at law. He also allowed as a part of the respondent's expenses the payments amounting to $227.63, mentioned above. The respondent alleged exceptions to the ruling of the judge above stated.

It was agreed by the parties that, if the respondent's exceptions were overruled, judgment was to be entered for the respondent in the sum of $227.63 "in addition to ordinary taxable costs in the original case, but not including any further sum for the cost of printing the brief in said case." The other stipulations of the parties have become immaterial.

*P. Nichols,* for the respondent.

*B. E. Eames,* for the petitioners.

HAMMOND, J. In this proceeding upon a petition brought in the Superior Court for the abatement of a tax, no abatement was granted; and the main question is whether counsel fees are to be allowed to the respondent town. The decision depends upon the construction of R. L. c. 12, § 81 (now St. 1909, c. 490, Part I, § 80), which so far as material reads as follows: "If, upon a hearing, the court finds that the complainant has complied with all the provisions of law and has paid the tax, . . . it may grant him a reasonable abatement, and shall render judgment against the city or town for the amount thereof, and for all charges and interest on the amount of the abatement from the date of the payment of the tax. The court may also, if the complainant has filed a list of his estate as required, . . . allow him costs in its discretion. If no abatement is granted, judgment shall be rendered for the city or town for its expenses and costs, which shall be taxed by the court." If the word "expenses," as used in this statute, includes counsel fees, the question must be answered in the affirmative; otherwise in the negative.

Although from early times there always have been provisions. for the abatement of taxes (Anc. Chart. 70, 250, 475, 610; St. 1785, c. 50, § 10; Rev. Sts. c. 7, §§ 37, 38, 42; Gen. Sts. c. 11, §§ 45–48; Pub. Sts. c. 11, § 71), still, until St. 1882, c. 218, neither the assessors nor the county commissioners could allow costs to either party. *Lowell* v. *County Commissioners,* 6 Allen, 131. This last statute provides that when an abatement is made the county commissioners may make such order relating to the payment of costs as justice may seem to require, provided, that costs shall not be allowed to one who has failed to file the list required by law. This statute provides for costs only in cases where an abatement is made. There seems to be no statute, even up to the present time, which authorizes the county commissioners to make an order as to costs in cases where no abatement is made.

The statutes authorizing appeals by the taxpayer from the assessors to the county commissioners are still in force and are frequently invoked. By St. 1890, c. 127, an additional remedy was given to the taxpayer by an appeal to the Superior Court. Here the case is tried by a judge without a jury, and either party may take exceptions to the rulings and decisions of the judge upon questions of law arising upon the trial, in the same manner and with the same effect as in other cases there tried without a jury. The object of the statute seems to have been to give to the taxpayer the right at his option to have his case heard by a tribunal likely to be more learned in the law than the county commissioners, and where the questions of law can be more directly and expeditiously raised and settled. Since the passage of this statute he may appeal either to the county commissioners or the Superior Court at his option. If he appeals to the first, costs at the discretion of the tribunal may be taxed in case an abatement is made, but never if an abatement is refused. If he appeals to the second, then in case the abatement is refused there is to be judgment against him in favor of the city or town for "its expenses and costs, to be taxed by the court." There is no trial by jury in either tribunal.

The question whether counsel fees are included in this word "expenses" is a narrow one, and yet its solution is attended with some difficulty. As was said by Rugg, C. J., in *Burrage* v. *County of Bristol,* 210 Mass. 299, 300, "The word 'expenses,' although

broad enough to include counsel fees, is of varying significance, dependent upon the connection in which it is used."

The word seems to have been early used in the statutes concerning trustee process. By St. 1794, c. 65, § 3, a trustee under certain circumstances was allowed his legal costs, and such further costs as with his legal costs should under all the circumstances of the case be a reasonable compensation to him "for his time and expenses, in appearing and defending himself against such suit." This was amended in St. 1829, c. 128, § 2 (passed March 13, 1830), so as to read "an amount sufficient to pay his reasonable counsel fees, and other necessary expenses." In Rev. Sts. c. 109, § 49, the phrase is "his costs for travel and attendance, and such further sum as the court shall think reasonable, for his counsel fees and other necessary expenses." And substantially in this last form has the provision continued to the present time. In R. L. c. 189, § 67, the phrase is, "costs for travel and term fees, and such further amount for counsel fees and other necessary expenses as the court may allow." It is obvious that if the word "expenses" as used in St. 1794, included counsel fees, there was no need of the amendment made by St. 1829, nor of the retention of both terms in the subsequent statutes.

St. 1842, c. 222, giving to the Hadley Falls Company authority to construct a dam across the Connecticut River, provided that the corporation should pay damages suffered by owners of fishing rights. The damages, upon the application by either party, were to be assessed by the county commissioners subject to an appeal to a jury, as in the case of land taken for a highway; "and all expenses accruing under such application to, and determination of, the county commissioners, shall be borne by the Hadley Falls Company." This court, after saying that "we should allow a liberal taxation for all expenditures for plans, surveys," etc., added however these words: "We cannot suppose that the Legislature intended to embrace counsel fees in the above provision, and the claim . . . [for counsel fees] must therefore be disallowed." *Marshall Fishing Co.* v. *Hadley Falls Co.* 5 Cush. 602, 605.

Pub. Sts. c. 156, § 35, provided that in contested cases in the Probate Court or in the Supreme Court of Probate, costs in the discretion of the court could be "awarded to either party to be paid by the other, or to either or both parties to be paid out of

the estate, . . . as justice and equity may require." In *Brown* v. *Corey,* 134 Mass. 249, decided in 1883, it was adjudged that the court had no power to allow counsel fees or other expenses as costs in addition to the taxable costs. The very next year, probably as the result of this decision, the statute was amended by adding after "costs" the word "expenses." St. 1884, c. 131. In *Willard* v. *Lavender,* 147 Mass. 15, 16, it was said by Morton, C. J., that "the purpose of the amendment was to give the courts of probate power, in contested cases, to award to either party costs as between solicitor and client, and the expenses of the suit to be paid by the adverse party, or out of the estate, in the discretion of the court, in analogy to proceedings in equity on bills for instructions by executors or trustees." Under this statute which ever since has been in force it has been the practice, where justice and equity required, to allow as a part of the expenses a moderate sum for counsel fees, based upon the rule stated in *Willard* v. *Lavender.*

R. L. c. 165, § 44, provides that "the expenses and costs of the inquiry and proceedings . . . for the removal of an attorney shall be paid as in criminal prosecutions." In *Burrage* v. *County of Bristol, ubi supra,* it was held that the word "expenses" in this statute includes "counsel fees." In giving the opinion Rugg, C. J., after stating that such a proceeding was a matter of vital interest, proceeds to state the main ground upon which the decision rested in the following language: "These words ['expenses,' 'costs,' etc.], have been in our statutes dealing with this matter since 1836. It is agreed that the practice has been for many years for the counties to pay for professional services rendered in prosecuting disbarment proceedings. Where the language of a statute is of doubtful import, the contemporaneous construction put upon it by officers thereby charged with performance of public duties is strong evidence of its meaning. The understanding and application of statutory words susceptible of different meanings, through years of practice, and sanctioned by the acquiescence of the Legislature, is significant of the intention with which they were employed originally." Briefly stated, the ground of the decision was that the acquiescence of the Legislature for two generations in the interpretation given in practice to its own language susceptible of two meanings, is ground for hold-

ing that this interpretation is in accordance with the legislative intent.

In *Whitney* v. *Lynn*, 122 Mass. 338, which was a petition for a jury "to assess the indemnity for trouble and expense" occasioned to the petitioner by the laying out of a street over his land not finally entered upon for the construction of the street, it was held that under Gen. Sts. c. 43, § 14, which provided that if in such a case a person "has been put to trouble and expense by the proceedings" to lay out, "the commissioners shall allow him full indemnity therefor," the petitioner was entitled to recover money paid to counsel solely concerning these proceedings for the two years after the lay out. There was no claim for allowance for counsel fees for services in the suit itself.

So in *Boston & Albany Railroad* v. *Charlton*, 161 Mass. 32, which was a proceeding for the abolition of grade crossings under St. 1890, c. 428, it was held that money paid by the town for reasonable counsel fees in defending claims for damages for land taken were to be allowed under § 7 as a part of the accounts of expenses. The court say (p. 34): "The general purpose of the sections of the statute . . . is, that the whole cost or expense of the entire work . . . should be paid by the railroad company, the Commonwealth, and the city or town. Legal expenses may be unavoidable, and if reasonably incurred we think that they must be held to have been incurred for the benefit of all in the proportions in which the general cost or expenses are to be borne, and that they should be allowed."

And when actions are brought to recover indemnity either where the right to indemnity is implied by law or arises under a contract, reasonable counsel fees which have been incurred in resisting the claim indemnified against may be recovered as a part of the damages and expenses. *Hadsell* v. *Hancock*, 3 Gray, 526. *Pond* v. *Harris*, 113 Mass. 114. *Faneuil Hall Ins. Co.* v. *Liverpool & London & Globe Ins. Co.* 153 Mass. 63. *Montgomery Door & Sash Co.* v. *Atlantic Lumber Co.* 206 Mass. 144, 157, and cases cited. See also *Bangs* v. *Fallon*, 179 Mass. 77, as to the right to a reasonable sum paid for counsel fees in foreclosing a mortgage under a power of sale. So where the plaintiff, in consequence of the wrongful conduct of the defendant, has been put to expense in the employment of counsel, the amount so paid is an element of

damage in an action against the defendant arising out of such wrongful conduct. *Wheeler* v. *Hanson,* 161 Mass. 370, and cases cited.

Courts of equity, in certain cases under its general powers, allow counsel fees. *Frost* v. *Belmont,* 6 Allen, 152. *Brown* v. *Corey,* 134 Mass. 249, 251.

The above are the leading cases where this court has had occasion to consider the meaning of the term "expenses." It is unnecessary to cite other cases. It is plain that as applied to expenses incurred in the suit itself the word is capable of two meanings, and its true meaning is to be determined by a consideration of the circumstances.

It is to be noted that we are not dealing with a case in equity like *Frost* v. *Belmont, ubi supra,* nor with the practice in probate courts existing under St. 1884, c. 131, a statute manifestly passed to remove the disability of the probate courts before that time to allow counsel fees, nor with liabilities to indemnify, whether created by law or express contract, as in the cases hereinbefore cited on that branch of the subject, nor with a prosecution of an inquiry conducted by the court or under its authority into the alleged misconduct of an attorney at law, as in *Burrage* v. *County of Bristol,* 210 Mass. 299, — a proceeding *sui generis,* and where a long continued practice seemingly sanctioned by the Legislature aids in the solution, nor where, as in *Boston & Albany Railroad* v. *Charlton,* 161 Mass. 32, the expenditures are for a work for which all the parties are answerable. Nor yet where, as in *Wheeler* v. *Hanson,* 161 Mass. 370, the plaintiff has in a previous action been put to the expense of employing counsel by reason of the unlawful conduct of the defendant. On the contrary we are dealing with a proceeding in the nature of an action at law. There are only two parties, the taxpayer and the town. There is only one question, whether there shall be an abatement. The interests of the parties are directly antagonistic to each other, — the one being for abatement, the other against it. Neither is under any obligation to indemnify the other. They stand "at arm's length" with reference to each other. The question arises upon a demand against the taxpayer. He has a right to have the matter heard and decided according to law. In all material respects the proceeding is an action at law. It is true that it is for the interest of all that taxes

should be finally fixed with promptness and should be speedily collected. But the proceeding for an abatement in no way interferes with the collection of a tax as originally assessed. The tax as originally assessed may be collected, notwithstanding these proceedings. In the present case it was paid pending the proceedings. The application for abatement may be made even after the tax is paid.

We are not dealing with the question of expenses incurred in some other suit, but with those incurred in the proceeding in which the claim is made as a penalty for failure therein.

As has been said, there are two separate tribunals to either of which at his option the taxpayer may go on appeal from the assessors, the county commissioners or the Superior Court. In one, in case of defeat he is not liable to the town either for its costs or expenses; in the other, he is liable for both. The liability of the defeated party in an action at law to pay the counsel fees of the prevailing party is certainly unusual. We know of no case except in our statutes as to trustee process. There the right of the trustee under certain circumstances to have his reasonable counsel fees paid is given, but given in clear and explicit terms. And if in the statute under consideration it had been the intention of the Legislature to impose upon the taxpayer the obligation in case of defeat to pay the counsel fees of the opposite party, it easily could have expressed that intent in clear and unmistakable language.

In view of the nature of the action, the direct antagonism of the parties, the usual course of proceedings in actions at law with reference to counsel fees incurred by either party, the ambiguity of the word "expenses," and the various decisions of this court when the word has come up for interpretation, with the other considerations hereinbefore mentioned, we are constrained to say with reference to the statute under consideration, what in *Marshall Fishing Co.* v. *Hadley Falls Co.* 5 Cush. 602, 605, this court said in reference to the statute then before it: "We cannot suppose that the Legislature intended to embrace counsel fees in the above provision."

The exceptions are overruled; and, in accordance with the agreement of the parties in such case, judgment is to be entered for the respondent in the sum of $227.63 in addition to ordinary tax-

able costs in the original case, but not including any further sum
for the cost of printing the brief in said case.    And it is

                                                *So ordered.*