FREDERICK T. CONLEY & others *vs.* KATHERINE A. FENELON & others.

GERTRUDE RYAN HALLORAN *vs.* SAME.

ROBERT W. FROST, special administrator, *vs.* SAME.

Middlesex. January 7, 1929. — February 27, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, & SANDERSON, JJ.

*Probate Court*, Jurisdiction, Parties, Counsel fees and expenses, Appeal. *Attorney at Law. Jurisdiction. Words,* "Party," "Parties".

Where, upon an appeal from a decree of a probate court, the record discloses no report of the evidence before the judge of probate and no facts found or agreed to as the basis of the decree, the only question before this court is whether the court had power to make the decree upon any evidence that might have been presented under the petition.

The sole jurisdiction of a probate court with respect to the awarding of counsel fees and expenses in contested cases before the court is statutory.

Neither the provisions of § 45 nor of § 39 of G. L. c. 215, nor of § 14 of G. L. c. 193, give jurisdiction to a probate court to entertain a petition by an attorney at law, who is not a party to a contested matter in that court, for the allowance of a sum of money to him as counsel fees earned and expenses incurred while representing one of the parties in such matter, or to make a decree awarding such a sum to the petitioner, nor to make a decree purporting to authorize a special administrator of the estate involved in the matter being contested to pay to such petitioner the sum so awarded.

PETITION, filed in the Probate Court for the county of Middlesex on July 2, 1928, by Frederick T. Conley and Peter J. Donaghue, attorneys at law, averring that they had acted as counsel for the petitioners for probate of the will of Patrick C. Fenelon, late of Concord, and requesting that they "be allowed the additional sum of $4,000 for services and expenses." Also a

PETITION, filed in the same court on the same day by Gertrude Ryan Halloran, an attorney at law, averring that she had represented Katherine A. Fenelon, a contestant of the said will, in litigation respecting it, and asking that she be allowed $2,500 for counsel fees and $406.70 for costs and expenses. The alleged "costs and expenses" included $350 paid to three alienists, $30.70 paid for summoning witnesses and $26 paid for a brief in this court. Also a

PETITION, filed in the same court on July 13, 1928, by the special administrator of the estate of Patrick C. Fenelon, reciting decrees made on the two petitions above described and praying for authority to pay counsel fees and expenses therein ordered.

All of the petitions were heard by *Leggat*, J. The record discloses no evidence and no findings of fact.

On July 12, 1928, a decree was entered on the first petition, that the petitioners "be awarded the sum of $3,900 as counsel fees." On the same day a decree was entered on the second petition that the petitioner "be awarded the sum of $1,900 as counsel fees and a further sum of $406.70 as expenses." On July 13, 1928, a decree was entered on

the third petition that the petitioner "be authorized to pay the sum of $1,900 as counsel fees, and a further sum of $406.70 as expenses to Gertrude Ryan Halloran, and the sum of $3,900 as counsel fees to Frederick T. Conley and Peter J. Donaghue."

Katherine A. Fenelon and John J. Fenelon, individually and as administrators of the estate of Rose M. Fenelon, appealed from each of the decrees.

The case was submitted on briefs.

*K. A. Fenelon & J. J. Fenelon*, pro se.

*F. T. Conley*, pro se and for *P. J. Donaghue*.

*G. R. Halloran*, pro se.

RUGG, C.J.    These are appeals from decrees of the Probate Court fixing the amount of counsel fees and expenses incurred both by the attorneys employed by the proponents and by the attorney employed by the contestants in connection with litigation over the allowance of an instrument purporting to be the last will of the decedent, and ordering payments to be made therefor directly to the several attorneys by the special administrator of the estate of the decedent out of funds in his hands.    In the record there is no report of the evidence heard by the judge; and there are no findings of facts made by him.    Apparently no steps were taken to bring before us a report of the evidence or findings of fact. G. L. c. 215, §§ 11, 12, 18.

The only question presented for decision in these circumstances is whether the court had power to make the decrees upon any evidence that might have been presented under the petitions.    *Hale* v. *Blanchard*, 242 Mass. 262, 264.    *Spring* v. *Curry*, 260 Mass. 556.    *Goss* v. *Donnell*, 263 Mass. 521, 523.

Those named as executors in the instrument purporting to be the last will of the deceased presented a petition for an allowance for counsel fees and another for expenses, both incurred in prosecuting their petition for the allowance of the will, praying that both allowances be ordered paid out of the estate.    Those petitions were allowed, specified amounts were determined to be due and ordered to be paid by the special administrator.    No appeal was taken from those decrees and no question now arises concerning them.    There-

after two persons filed a petition in their own names, alleging that as attorneys at law they had performed professional services and had incurred expenses in behalf of the proponents of the instrument purporting to be the last will of the decedent, and praying that a further allowance on account thereof be made to them out of the estate. One of the petitioners bears the same name as one of the executors nominated in the instrument offered for proof as the will. Whether he is the same person does not appear by any evidence outside the identity of name and identity of allegations as to residence. *Belknap* v. *Gibbens*, 13 Met. 471, 474. *Ayers* v. *Ratshesky*, 213 Mass. 589, 593, 594. In any event, he joins in the present petition solely in his capacity as attorney at law and not as executor or proponent of the will. A decree was entered on this petition awarding a substantial sum to the petitioners, for both counsel fees and expenses. At the same time there was filed a similar petition by another attorney at law, setting forth her employment by the heirs at law of the decedent to contest the allowance of the petition for the proof of the instrument purporting to be his last will, the performance of professional services and the disbursement of moneys for expenses, all to that end, and praying that an allowance therefor be made to her out of the estate of the decedent. Upon this petition a decree was entered for an allowance of a smaller yet considerable sum to this petitioner. See in connection with both these petitions *Claffey* v. *Fenelon*, 263 Mass. 427. On the day following the entry of these two decrees the special administrator of the estate of the decedent filed a petition praying that he be authorized to pay the several sums thus awarded for counsel fees and expenses, and a decree was entered on that petition in accordance with its prayer. In no one of these petitions was the prayer that the allowance be made to a party to the litigation, but that it be made directly to the attorneys. All three decrees ran in the names of the attorneys and not in the names of the parties. The heirs at law seasonably appealed from each of those three decrees.

By G. L. c. 215, § 45, it is enacted: "In contested cases before a probate court or before the Supreme Judicial Court

on appeal, costs and expenses in the discretion of the court may be awarded to either party, to be paid by the other, or may be awarded to either or both parties, to be paid out of the estate which is the subject of the controversy, as justice and equity may require. . . . "

Those named as executors in the instrument offered for probate as a will and the heirs at law of the decedent were parties to the proceedings for the proof of that instrument as a will. *Ensign* v. *Faxon,* 224 Mass. 145, 148. No other persons rightly are parties to a will contest, except in those rare instances where a legatee having interests adverse to those of other legatees, or adverse in some particular to those of the executor, is permitted in the discretion of the court to become a party, see *Old Colony Trust Co.* v. *Bailey,* 202 Mass. 283, 290; *Blinn* v. *Pillsbury,* 252 Mass. 197, 200; or where a legatee under a prior will is given less or nothing under the instrument in question, *Crowell* v. *Davis,* 233 Mass. 136. The word "expenses" is broad enough to include counsel fees as well as other obligations incurred outside strictly taxable costs. *Burrage* v. *County of Bristol,* 210 Mass. 299. Under this statute the Probate Court has jurisdiction to award expenses and counsel fees incurred by those named as executors who have been defeated in their petition to establish the will. They are parties. The contestants are parties. The statute enables a party to the litigation to ask for an allowance to pay his counsel fees and other expenses; it does not enable the attorney for a party to ask for an allowance for himself. However defined, the words "party" and "parties" as used in said § 45 cannot rightly be stretched to include an attorney who acts in a professional capacity for those prosecuting or defending the litigation. Even a creditor of a deceased person can hardly be a party to proceedings as to the proof of his will. *Monroe* v. *Cooper,* 235 Mass. 33. An attorney at law is not a party in any procedural or proper sense to a case in which he acts purely in a professional capacity. It scarcely would be even contended that costs could be awarded against him personally under said § 45. That section cannot be invoked in his favor with more success than it could be invoked against him.

The entire jurisdiction of the Probate Court in respect to these matters is statutory. *Brown* v. *Corey,* 134 Mass. 249. It is only by compliance with the terms of the statute that the jurisdiction can be exercised. The statute does not authorize that which here was done. *Willard* v. *Lavender,* 147 Mass. 15.

No reason is disclosed why the attorneys at law brought the petitions for allowances for counsel fees in their own names, or why the parties to the litigation did not bring the petitions, as they clearly might have done under the statute. We must decide the case upon the record as presented.

A provision is found in G. L. c. 215, § 39, to the effect that, "Probate courts may ascertain and determine the amount due any person . . . for services rendered by any person in connection with the administration of the estate of a deceased person . . . and payment of said amount when ascertained and determined to be due may be enforced summarily by said court upon motion of the person to whom the amount is due . . . ." That section was considered in the recent case of *Mulloney* v. *Barnes, ante,* 50, where it was said at page 54: "This statute, in contested cases, does not give an additional or alternative remedy for the recovery of costs and expenses incurred in connection with the administration of a probate estate, its manifest purpose being to confer power upon the Probate Court to determine the amount due any person for services rendered the estate in matters which are enumerated in the statute. Clearly these do not include services rendered and expenses incurred in opposition to the appointment of executors, administrators, trustees or other fiduciary appointee by the Probate Court. The probate appointee in such a contest is taken care of through the allowance of his account. All others, if their services and expenses have resulted in benefit to the estate, are cared for by G. L. c. 215, § 45." It follows from this exposition of the scope of said § 39 that no one of the decrees was warranted by it. Cases like *Bartlett, petitioner,* 163 Mass. 509, 522, do not afford support to the decrees.

The provisions of G. L. c. 193, § 14, authorize a special administrator "by leave of the Probate Court" to pay "the

expenses incurred by the executor named in the will of the deceased, or by any other person presenting the same for probate, in proving the will in the Probate Court or in sustaining the proof thereof in the Supreme Judicial Court." This section does not authorize payments for counsel fees and expenses in addition to those permitted by G. L. c. 215, §§ 39 and 45, or the ascertainment of such counsel fees and expenses in any other way than is there pointed out.

It follows that it appears on the face of the record that the court did not have power to enter the decrees here under review upon any evidence that might have been rightly presented under the petitions. Therefore each of the decrees must be reversed.

*Ordered accordingly.*